J-A05045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REGINALD MCFADDEN | : | |
| | : | |
| Appellant | : | No. 3289 EDA 2019 |

Appeal from the PCRA Order Entered April 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0103221-1970

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                Filed: March 25, 2021

Appellant Reginald McFadden files this *pro se* appeal from the order of the Court of Common Pleas of Philadelphia County denying his serial petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely filed.  After careful review, we affirm.

Appellant was charged with first-degree murder, burglary, larceny, aggravated robbery, and conspiracy in connection with the December 7, 1969 fatal attack of sixty year old Sonia Rosenbaum, in her own home.  In January 1971, a jury convicted Appellant of the aforementioned changes.  After Appellant filed post-verdict motions, the Court of Common Pleas granted Appellant a new trial.

---

[*] Former Justice specially assigned to the Superior Court.

Upon retrial, in April 1974, Appellant was again convicted of first-degree murder, burglary, larceny, aggravated robbery, and conspiracy. The trial court sentenced Appellant to an aggregate term of life imprisonment. On January 28, 1977, the Supreme Court affirmed the judgments of sentence. *Commonwealth v. McFadden*, 470 Pa. 604, 369 A.2d 1156 (1977).

Appellant filed unsuccessful petitions under the former Post Conviction Hearing Act (PCHA)[1] and the PCRA; none of these filings have any effect on the instant appeal. On March 7, 1994, at the recommendation of the Board of Pardons and Parole, Governor Robert P. Casey commuted Appellant's sentence from life imprisonment without parole to twenty-four years' imprisonment to life. On July 7, 1994, Appellant was granted parole.

Three months after his release from confinement, Appellant was arrested and charged with violent crimes in New York. Appellant was subsequently convicted of murder, rape, robbery, and battery and is currently imprisoned for these crimes. In January 1996, Pennsylvania authorities issued a detainer with respect to this case as Appellant violated his parole.

On May 1, 2018, Appellant filed the instant PCRA petition. On April 12, 2019, the PCRA court dismissed Appellant's petition without a hearing. On that same day, the Court of Common Pleas of Philadelphia County served Appellant with a copy of the order denying the PCRA petition. The PCRA court informed Appellant that he had thirty days to file and serve the notice of

_____

[1] In 1988, the General Assembly amended the Post Conviction Hearing Act (PCHA) and renamed the new legislation the Post Conviction Relief Act (PCRA).

appeal. The trial court also indicated that Appellant could file the notice of appeal on his own or hire an attorney to do so. Appellant's *pro se* notice of appeal was docketed on November 12, 2019.

As an initial matter, we must determine whether we have jurisdiction to address Appellant's facially untimely appeal. ***Commonwealth v. DiClaudio***, 112 A.3d 1242, 1244 (Pa.Super. 2019) (recognizing that this Court may raise jurisdictional issues *sua sponte*) (citation omitted). Our rules of procedure provide that an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

As Appellant is currently incarcerated, we must apply the prisoner mailbox rule which provides that "a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***DiClaudio***, 210 A.3d at 1074. "The appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." ***Commonwealth v. Jones***, 549 Pa. 58, 63, 700 A.2d 423, 426 (1997).

This Court is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." ***Commonwealth v. Betts***, 240 A.3d 616, 619 (Pa.Super. 2020) (citation omitted). Examples of reasonably verifiable evidence include, but are not limited to, a certificate of mailing or a cash slip noting the date postage was deducted from a prisoner's account. ***Jones***, 549 Pa. at 64, 700 A.2d at 426. Our courts may also consider a prisoner's affidavit attesting to the date of deposit with prison officials, as well as evidence regarding the operating

procedures of the mail delivery service in question. *Id*. "Where[ ] the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." *Id*. at 65, 700 A.2d at 426 n.3.

As noted above, Appellant was required to file a notice of appeal by May 15, 2019. On November 11, 2019, this Court docketed Appellant's *pro se* appeal, which included several documents including a "verification statement" on page 3 with the date of November 7, 2019, a document labeled "notice of appeal" on page 4 self-dated April 23, 2019, and an envelope on page 5 with the date stamp showing the documents were mailed on November 12, 2019.

After this Court issued a rule to show cause why the appeal should not be quashed as untimely filed, Appellant filed a *pro se* response in which he attached an affidavit of service for a notice of appeal self-dated April 23, 2019 that was notarized on April 23, 2019. While we acknowledge that Appellant submitted an "affidavit attesting to the date of deposit with the prison officials," this Court did not receive the notice of appeal that Appellant allegedly mailed on April 23, 2019, but received a copy of the notice of appeal in a mailing submitted almost six months after the appeal period ended.

However, we need not determine whether it would be necessary to remand this case for a hearing on the timeliness of the notice of appeal as this Court has no jurisdiction to review the merits of Appellant's PCRA petition, which is untimely and does not meet any of the PCRA timeliness exceptions.

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address

the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Previously, Section 9545(b)(2) required petitioners to file a petition raising the applicability of one of the timeliness exceptions within sixty days from the date that the claim could have been raised; however, Section 9545(b)(2) has since been amended to give a petitioner one year rather than sixty days to raise his claim. 42 Pa.C.S.A. § 9545(b)(2) (as amended October 24, 2018, P.L. 894, No. 146). While this amendment became effective on December 24, 2018, it applies only to claims arising on December 24, 2017, or thereafter. ***Id.***

In this case, the Pennsylvania Supreme Court affirmed the judgment of sentence on January 28, 1977 and Appellant did not seek discretionary review in the Supreme Court of the United States. Thus, Appellant's judgment of sentence became final on April 28, 1977, when the 90-day period for filing a petition for allowance of appeal in the U.S. Supreme Court expired. **See** U.S. Sup. Ct. R. 13. As a result, Appellant had until April 28, 1978 to file a timely PCRA petition. Appellant's petition, which was filed forty years later on May 1, 2018, is facially untimely.

As such, we will assess whether Appellant is entitled to invoke any of the PCRA's timeliness exceptions. Appellant first claims he was prevented from filing a timely petition due to governmental inference because he is incarcerated in New York and has little access to legal resources. Our courts have found that the governmental interference timeliness exception is not satisfied when a petitioner simply claims that his confinement in restricted housing prevented him from accessing legal materials to prepare a PCRA petition. **Commonwealth v. Albrecht**, 606 Pa. 64, 70–71, 994 A.2d 1091, 1095 (2010); 42 Pa.C.S.A. § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws). **See also Commonwealth v. Rizvi**, 166 A.3d 344, 348-49 (Pa.Super. 2017) (governmental interference exception not established by claim that petitioner is incarcerated in an out-of-state prison with limited legal resources). Appellant does not argue that the conditions of his incarceration are illegal or

offer any evidence to support his bald assertion. As such, Appellant has not shown he is entitled to relief on this basis.

Second, Appellant suggests that he was entitled to invoke the timeliness exception in 42 Pa.C.S.A. § 9545(b)(1)(iii), which provides that a petitioner may seek relief when there is "a constitutional right that was recognized by the U.S. Supreme Court or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id.* In his petition, Appellant relied on *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 2460 (2012), in which the U.S. Supreme Court held that it was unconstitutional to impose an automatic sentence of life imprisonment without the possibility of parole for a murder committed when the defendant was less than eighteen years old. Appellant also cited *Montgomery v. Louisiana*, --- U.S. ---, 136 S.Ct. 718 (2016), in which the U.S. Supreme Court held that its decision in *Miller* applies retroactively to cases on state collateral review.

Subsequent to the decisions in *Miller and Montgomery,* this Court has clarified that the date of the *Montgomery* decision is to be used when calculating whether a PCRA petition, which asserts the Supreme Court's recognition of a constitutional right pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii), is timely filed under the sixty-day rule of 42 Pa.C.S.A. § 9545(b)(2). *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa.Super. 2016). As *Montgomery* was decided on January 25, 2016, and Appellant filed the instant PCRA petition on May 1, 2018, Appellant did not satisfy the timeliness

requirement in Section 9542(b)(2) to file his petition within sixty days of the date that his claim could have been presented.

Similarly, Appellant cannot invoke the timeliness exception under Section 9545(b)(1)(iii) by alleging his sentencing claim is based on a newly recognized constitutional right expressed in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151 (2013). In *Alleyne*, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 103, 133 S. Ct. at 2155.

Appellant fails to recognize that our Supreme Court has ruled that *Alleyne* does not apply retroactively on collateral review. *Commonwealth v. Washington*, 636 Pa. 301, 316, 142 A.3d 810, 820 (2016). As noted above, Appellant's direct appeal concluded when his sentence became final in 1977. As such, Appellant is not entitled to invoke this exception.

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. *Commonwealth v. Beasley*, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). Accordingly, as Appellant has not proven that one of the PCRA timeliness exceptions applies to his petition,

we conclude that neither this Court nor the PCRA court has jurisdiction to further consider Appellant's petition.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/21

---

[2] We note that the trial court incorrectly found that Appellant was ineligible for relief under the PCRA because he is not currently serving a sentence of imprisonment in Pennsylvania. Section 9543 of the PCRA provides that a petitioner is eligible for relief under the PCRA if he "has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted [and is] currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). A petitioner is also eligible for relief under the PCRA if he is "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(iii).

Appellant is currently incarcerated in New York for offenses he committed while on parole for the crimes he committed in the instant case in Pennsylvania. As noted above, Pennsylvania authorities issued a detainer for Appellant in this case after he was arrested for the New York crimes. As he has not been returned to Pennsylvania for a hearing for recommitment, he is eligible to petition for relief under the PCRA. Nevertheless, the PCRA court properly dismissed Appellant's petition as untimely filed.