**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DEPUTY | : | |
| | : | |
| Appellant | : | No. 168 EDA 2020 |

Appeal from the PCRA Order Entered October 22, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005454-2014

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: May 13, 2021

William Deputy appeals from the order entered in the Philadelphia County Court of Common Pleas on October 22, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. After careful review, we vacate the order and remand with instructions.

In March 2014, Deputy was charged in connection with the February 22, 2014 shooting and killing of Antorie Coates and Maria Cruz and then setting a minivan on fire with the victims inside. Deputy, who faced multiple charges of murder and a possible death sentence, in addition to arson and related charges, entered a counseled, negotiated guilty plea to two counts of first-

---

[*] Retired Senior Judge assigned to the Superior Court.

degree murder on September 9, 2015. In exchange for his guilty plea, the Commonwealth agreed to withdraw its previously filed notice of intent to seek the death penalty.

During the oral guilty plea colloquy, the trial court specifically asked Deputy whether he was taking any prescription medication at the present time, to which he responded "no", and whether he had ever been treated for any mental illness or mental disease, to which he again responded "no." Notably, next to those corresponding statements on his written guilty plea colloquy, there were brief handwritten notes which read "MH -", "in prison -", and "meds - Benadryl, Risprodal, Prozac". Written Guilty Plea Colloquy, at 1. Plea counsel did not claim that Deputy was in any way incompetent or suffering from any mental health problems, nor did the court inquire into competency or elaborate on any mental health concerns. In fact, it appears from the record that a mental health evaluation was specifically waived. *See* N.T., Guilty Plea Hearing, 9/9/2015, at 21.

After conducting the oral guilty plea colloquy, the trial court accepted the plea. *Id*. at 20-21. In conformity with the plea agreement, Deputy was sentenced to concurrent sentences of life imprisonment without the possibility of parole. Despite being informed of his appellate rights, Deputy did not file post-sentence motions or a direct appeal.

On August 10, 2018, Deputy filed a *pro se* PCRA petition claiming the trial court, district attorney, and his trial counsel knew or should have known

that he suffered from a mental disorder and therefore could not help in his own defense. PCRA counsel was appointed, but did not file an amended petition. Instead, counsel filed a **Finley**[1] no-merit letter. The letter largely ignored the issues raised in the *pro se* petition, instead simply concluding the petition was untimely. While counsel asserted in the letter that he intended to seek leave to withdraw from the case, no separate motion formally seeking leave to withdraw was filed. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, as it concluded the petition was untimely filed and did not fall under any exception to the PCRA's time-bar.

Deputy filed a *pro se* response to the Rule 907 notice, raising a claim of ineffective assistance of PCRA counsel based on his assertion that PCRA counsel never contacted him and that he did not know he even had counsel until he received the **Finley** no-merit letter and the Rule 907 notice. He further claimed PCRA counsel was ineffective for failing to investigate his mental illness history.

---

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 22, 2019, the PCRA court entered an order dismissing the PCRA petition as untimely. Notably, the court did not address Deputy's claims of PCRA counsel ineffectiveness. This timely *pro se* appeal followed.[2]

In February 2020, PCRA counsel filed an application to withdraw as counsel to this Court, which we granted by *per curiam* order.

In June 2020, this Court issued a *per curiam* order dismissing Deputy's appeal for failure to file a timely brief. In response, Deputy filed a *pro se* application which we deemed an application to reinstate the appeal and shortly thereafter also filed a *pro se* application seeking reconsideration of the order dismissing his appeal.

In July 2020, we issued a *per curiam* order reinstating the appeal, vacating our March 3, 2020 order granting PCRA counsel leave to withdraw, and remanding to the PCRA court with instructions to resolve PCRA counsel's application to withdraw. On remand, the PCRA court granted PCRA counsel leave to withdraw and at the same time appointed new counsel to represent Deputy on appeal.

_____

[2] We note that Deputy was still represented by PCRA counsel when he filed the *pro se* notice of appeal. Generally, hybrid representation is forbidden under Pennsylvania law. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). Therefore, *pro se* documents filed with a court while the filer is represented by counsel are generally rejected as legal nullities. **See id**. However, *pro se* notices of appeal are an exception to this general rule. **See id**. at 624. Accordingly, Deputy's *pro se* notice of appeal was appropriately filed and procured our jurisdiction over his appeal.

On appeal, PCRA appellate counsel raises a claim that the PCRA court erred in denying Deputy's PCRA petition without a hearing based on his assertion that the court failed to resolve Deputy's timely filed *pro se* claim of PCRA counsel ineffectiveness or appoint new counsel to review that claim and assist Deputy in its presentation. **See** Appellant's Brief, at 5.[3]

We agree and are compelled to address the procedural irregularities in this case concerning Deputy's response to the Rule 907 notice and allegations of PCRA counsel's ineffectiveness, and the PCRA court's treatment of those claims. "Specifically, where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **See Commonwealth v. Betts**, 240 A.3d 616, 621 (Pa. Super. 2020) (internal quotation marks omitted) (citing **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011)). This is true even when the underlying petition is facially untimely. **See Stossel**, 17 A.3d at 1288.

As this is Deputy's first PCRA petition, he is entitled to legal representation during the entirety of the proceedings. **See Betts**, 240 A.3d at

---

[3] PCRA appellate counsel also raises a claim that the PCRA court erred in denying Deputy's PCRA petition as untimely and without a hearing because prior counsel's **Finley** letter failed to present sufficient analysis regarding whether Deputy's alleged mental illness during the statutory period in which he could file a timely PCRA petition may trigger the "newly discovered fact" exception to the PCRA time-bar. Due to our disposition, we need not reach this issue. On remand, counsel will have the chance to seek leave to properly raise this issue in an amended petition if he deems it to have merit.

621. "[T]he right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." *See Commonwealth v. Holmes*, 79 A.3d 562, 583 (Pa. 2013) (citation omitted).

Our Supreme Court has held that counseled PCRA petitioners must raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009) (determining defendant had waived claims of PCRA counsel's ineffectiveness since he had raised them for the first time in a *pro se* appeal rather than in his response to the Rule 907 notice).

Here, Deputy complied with *Pitts* by filing a timely objection to the PCRA court's Rule 907 notice raising allegations of PCRA counsel's ineffectiveness. Specifically, Deputy alleged PCRA counsel never contacted Deputy and performed no investigation of his claim of mental illness. *See* Objection to Rule 907 Order, 10/16/2019, at 5. This allegation, if established, would be sufficient to entitle Deputy to have new counsel appointed with the opportunity to request the filing of an amended PCRA petition. *See Commonwealth v. Cruz*, 852 A.2d 287, 297 (Pa. 2004) (holding that proof of mental incompetency during post-conviction period could qualify as a newly discovered fact and entitle petition to an exception to the time-bar). We further note that PCRA counsel's *Finley* letter does not cite *Cruz* or acknowledge that mental incompetency could form the basis of an exception to the time-bar.

Despite this, the PCRA court never addressed Deputy's properly raised claim of PCRA counsel ineffectiveness prior to dismissing his PCRA petition. *See* Order, 10/22/2019 (acknowledging only the timeliness of the petition). Compounding the problem, although PCRA counsel did not officially withdraw from this case until months later, PCRA counsel also never acknowledged that Deputy had raised issues with PCRA counsel's performance.

Our chief concern is that Deputy never received the assistance of counsel in arguing the merits of his ineffectiveness claims to the PCRA court. *See Betts*, 240 A.3d at 623. Deputy unambiguously voiced his dissatisfaction with PCRA counsel's representation. Deputy's rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding. *See Holmes*, 79 A.3d at 583. Here, Deputy had a right to effective counsel when he alleged, with specificity, PCRA counsel's ineffectiveness in response to the PCRA court's Rule 907 notice. *See Betts*, 240 A.3d at 624-5.

Further, we find Deputy was effectively denied the chance to request the opportunity to file an amended petition since the PCRA court denied his petition without responding to any of his issues raised in his response to the Rule 907 notice.

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for

amendment. The response is not itself a petition and the law still requires leave of court to submit an amended petition.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (internal quotation marks and citations omitted).

The failure of the PCRA court to properly respond to Deputy's assertions of ineffectiveness, coupled with the inability of PCRA counsel to meaningfully represent Deputy once these allegations had been advanced, collectively undermined Deputy's right to the effective assistance of counsel. *See Betts*, 240 A.3d at 624. We therefore vacate the PCRA court's order and remand with the same instructions as in *Betts*:

> On remand, we direct the PCRA court to appoint substitute PCRA counsel to represent Appellant. Newly-appointed PCRA counsel shall: (1) review Appellant's *pro se* objections concerning [PCRA counsel's] ineffectiveness; (2) file supplemental briefing limited to discussing the merits of those claims within a reasonable time frame; and (3) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have an opportunity to file a response to any supplemental filings from Appellant. Thereafter, the PCRA court shall have the discretion to proceed as it deems fit under Pennsylvania law and the Pennsylvania Rules of Criminal Procedure, including ordering further proceedings and granting or denying Appellant's PCRA petition.

*Betts*, 240 A.3d at 625.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21