J-A18030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA ISAAC PAYNE | : | |
| Appellant | : | No. 139 WDA 2021 |

Appeal from the PCRA Order Entered September 14, 2020
In the Court of Common Pleas of Forest County Criminal Division at
No(s):  CP-27-CR-0000046-2008

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED: AUGUST 18, 2021**

Appellant Joshua Isaac Payne appeals *pro se* from the order dismissing his untimely Post Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that he was entitled to review under the newly discovered fact exception to the PCRA time bar.  For the reasons that follow, we are constrained to quash.

Briefly, on February 25, 2009, Appellant pled guilty to terroristic threats. That same day, the trial court sentenced Appellant to fifteen months to five years' incarceration, to run consecutive to a sentence that Appellant was already serving at that time.

On August 7, 2020, the PCRA court docketed Appellant's *pro se* PCRA petition.  Therein, Appellant claimed that trial counsel was ineffective for (1)

---

[1] 42 Pa.C.S. §§ 9541- 9546.

failing to request a competency hearing or present evidence concerning Appellant's alleged mental disorders; and (2) failing to "raise diminished capacity" at the time of Appellant's plea and sentencing hearing. **See** PCRA Pet., 8/7/20, at 3. The PCRA court appointed counsel, who subsequently filed a **Turner**/**Finley**[2] no merit letter and a petition to withdraw as counsel. Therein, counsel noted that although Appellant was aware of his mental health diagnoses in 2013, he did not file a PCRA petition until 2020. Therefore, counsel concluded that Appellant would be unable to establish an exception to the PCRA time bar.

On August 25, 2020, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing. In that same order, the PCRA court also granted counsel's motion to withdraw. On September 11, 2020, Appellant filed a *pro se* response requesting that the PCRA court reconsider its decision to dismiss the petition without a hearing.

On September 14, 2020, the PCRA court formally dismissed Appellant's petition. The PCRA court explained that Appellant's petition was facially untimely and that he had failed to prove an exception to the PCRA time-bar.

On January 29, 2021, Appellant's *pro se* notice of appeal was docketed. On February 25, 2021, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Appellant filed a *pro se* response indicating that he had provided the notice of appeal to prison authorities to be

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

mailed on September 20, 2020, as reflected on the handwritten certificate of service included with his notice of appeal. *See* Resp. to Rule to Show Cause, 3/10/21, at 1-3. This Court subsequently discharged the rule to show cause and referred the issue to this panel.

Initially, we must resolve whether we have jurisdiction over the instant appeal. "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations and quotation marks omitted). Generally, an appellant invokes this Court's jurisdiction by filing a notice of appeal within thirty days of the entry of the order being appealed. ***See*** Pa.R.A.P. 903(a).

The Pennsylvania Supreme Court has stated that a *pro se* prisoner's notice of appeal will be deemed filed when it is placed in a prison mailbox or deposited with prison authorities. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox" rule). The *pro se* prisoner, however, "bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." ***Id.***

***Jones*** instructs that courts should be "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." ***Id.*** Examples of such evidence include postmarks on the envelope used to mail the notice of appeal or postal forms that indicate the date of mailing. ***Id.*** The prisoner may also produce a cash slip "noting both

the deduction from his account for the mailing to the prothonotary and the date of the mailing," or an "affidavit attesting to the date of deposit." ***Id.*** Evidence regarding the prison's or court's mail policies may also establish the last possible date on which an appeal was delivered to prison officials. ***Id.; but see Commonwealth v. Betts***, 240 A.3d 616, 619, n.5 (Pa. Super. 2020) (accepting a defendant's untimely filing without supporting documentation where it was docketed only three days after the applicable deadline, noting that given "the inherent delays associated with mail delivery," it was most likely "deposited for mailing" prior to the filing deadline).

Here, the PCRA court entered the order dismissing Appellant's petition on September 14, 2020. Therefore, Appellant had until Wednesday, October 14, 2020 to file a notice of appeal. ***See*** Pa.R.A.P. 903(a). As noted previously, Appellant's *pro se* notice of appeal was docketed on January 29, 2021, more than three months after the 30-day appeal deadline expired.

In his response to this Court's rule to show cause, Appellant stated that he provided the notice of appeal to prison authorities on September 20, 2020. However, other than Appellant's handwritten certificate of service, there is nothing in the certified record to indicate that Appellant delivered his notice of appeal to prison authorities at that time. Indeed, the postage mark on the envelope containing Appellant's notice of appeal reflects a date of January 26, 2021, which was more than three months after the appeal deadline and just three days before the appeal was docketed by the clerk of courts. Under these circumstances, Appellant has failed to establish that he delivered the notice of

appeal to prison authorities within the appropriate timeframe. ***See Jones***, 700 A.2d at 426; ***cf. Betts***, 240 A.3d at 619 n.5. Therefore, we are constrained to quash the instant appeal as untimely.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2021