J-S28040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL NEWMAN | : | |
| | : | |
| Appellant | : | No. 177 EDA 2021 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000730-2012

BEFORE:  BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED SEPTEMBER 29, 2021**

Darryl Newman (Newman) appeals from the October 29, 2020 order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his second petition filed pursuant to the Post-Conviction Relief Act[1] (PCRA) as untimely.  We reverse and remand for further proceedings.

The facts underlying this case are not necessary to our disposition. Briefly, Newman was convicted of aggravated assault and possession of an instrument of crime following a jury trial in 2014.[2]  He was sentenced to 7 to 15 years' incarceration followed by 5 years' probation for the count of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2702(a) & 907(a).

aggravated assault. On the count of possession of an instrument of crime, he was sentenced to 5 years' probation concurrent to the probation imposed for the count of aggravated assault. Newman timely filed a direct appeal which this Court dismissed on May 19, 2015, for failure to file a brief.[3] He did not seek further review in the Supreme Court.

Newman filed his first counseled PCRA petition on April 5, 2016.[4] He argued that trial counsel was ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600, failing to call character witnesses, and failing to file a motion to suppress an eyewitness's identification testimony. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The petition was formally dismissed on March 31, 2017, and Newman timely appealed. This Court affirmed the dismissal on May 17, 2019, and our Supreme Court denied his petition for allowance of appeal on November 14, 2019. **See Commonwealth v.**

---

[3] Newman retained new counsel to represent him on appeal following his trial. In lieu of filing a concise statement pursuant to Pa. R.A.P. 1925(b), appellate counsel filed a statement averring that he intended to withdraw the direct appeal and file a PCRA petition. The docket from the direct appeal reveals that counsel did not file a motion to discontinue the appeal. **See Commonwealth v. Newman**, 1910 EDA 2014 (Pa. Super. May 19, 2014) (docket sheet). Accordingly, it was dismissed for failure to file a brief.

[4] The same attorney represented Newman on direct appeal and in his first PCRA proceeding.

***Newman***, 1318 EDA 2017, at *2 (Pa. Super. May 17, 2019) (unpublished memorandum), *allocator denied*, 303 EAL 2019 (Pa. Nov. 14, 2019).

On January 6, 2020, Newman filed the instant *pro se* PCRA petition pleading the jurisdictional time-bar exception for newly-discovered facts. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii). He averred that he did not know that his direct appeal had been dismissed for failure to file a brief until he received a copy of the May 9, 2018 opinion the PCRA court filed in response to his appeal from the dismissal of his first PCRA petition. He stated that appellate counsel chose to forego the direct appeal in favor of filing the PCRA petition without consulting Newman and against his wishes. He pled that he was entitled to substantive relief based on ineffective assistance of counsel and requested that his direct appeal rights be reinstated *nunc pro tunc*.

He pled that he and his mother, Tori Taylor (Taylor), would testify at an evidentiary hearing that they retained appellate counsel to file a motion to reconsider his sentence and pursue a direct appeal. He included an affidavit signed by Taylor which stated that she had retained appellate counsel on Newman's behalf for the direct appeal. She averred that she received a call from Newman in late May 2018 and he was upset because he had just learned that based on the PCRA court's opinion, that appellate counsel had failed to file a brief in his direct appeal. ***See*** Petition for Post Conviction Collateral Relief, 1/6/20, Exhibit 1. He also attached several messages he sent to appellate counsel requesting updates on the status of his case in April 2018

and March 2019. *Id.*, Exhibits 3-5. In a message dated March 27, 2019, he expressed frustration that counsel had "put all [his] eggs in one basket…after skipping over [his] direct appeal (in which [he] believe[d] [he] would have gotten relief)." *Id.*, Exhibit 5.

The Commonwealth filed a response arguing that the petition was untimely and should be dismissed. It contended that Newman had not exercised due diligence to ascertain the alleged new fact and that he had failed to file his petition within one year of discovering the alleged new fact. *See* Response, 6/16/20, at 4. On October 29, 2020, the PCRA court dismissed Newman's petition as untimely. Newman appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.

Before we proceed to the merits of Newman's claim, we must first address our jurisdiction over this appeal. Newman's notice of appeal was docketed in the PCRA court on December 28, 2020, nearly two months after the order dismissing his petition was docketed. In his notice of appeal, Newman wrote: "I, hereby certify that I did not receive said order until 12/4/20 via DOC mail delivery." Notice of Appeal, 12/28/20. The notice and attached certificate of service are signed and hand-dated December 5, 2020. The certified record contains a scanned copy of the envelope in which Newman sent the notice but the postmark is illegible. In its opinion pursuant to Pa. R.A.P. 1925(a) the PCRA court stated that Newman's notice of appeal was timely filed on December 5, 2020. *See* PCRA Court Opinion, 4/6/21, at 2.

On April 21, 2021, this Court issued a Rule to Show Cause why the appeal should not be quashed as untimely when it was filed over 30 days after the order dismissing the PCRA petition was entered. *See* Pa.R.A.P. 903(a). Due to an extended lockdown at SCI-Somerset occasioned by a COVID-19 outbreak in his unit, Newman sought an extension of time to respond which this Court granted. Newman filed his brief on appeal on May 17, 2021, and on the cover noted that it "shall also suffice for the order to show cause." However, he did not provide any argument or explanation in the filing in response to the Rule to Show Cause. In its brief, the Commonwealth does not contest the timeliness of the appeal and cites the overwhelming volume of mail processed by the United States Postal Service in October, November and December 2020 as the likely cause of delay in Newman's receipt of the PCRA court's order dismissing his petition. Commonwealth's Brief at 13-14.

Because he was incarcerated at the time he filed his notice of appeal, Newman is entitled to the benefit of the "prisoner mailbox rule." *See* Pa. R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing. . . ."). "[W]e are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." *Commonwealth v. Betts*, 240 A.3d 616, 619 n.5 (Pa. Super. 2020) (citation omitted). In *Betts*, we concluded that a filing that was docketed untimely by

two days but included a certificate of service indicating that it was timely delivered to prison authorities was timely filed "[g]iven the inherent delays associated with mail delivery and the totality of the circumstances." *Id.*

Here, the order denying Newman's petition was docketed and mailed to him by the prothonotary on October 29, 2020. Accordingly, he had until November 30, 2020, to file his notice of appeal.[5] Pa. R.A.P. 903(a). The certificate of service on the notice indicates that Newman mailed it five days late after receiving the PCRA court's order in the mail on December 4, 2020. The notice was not docketed by the prothonotary until December 28, 2020. Like the PCRA court, we accept the certificate of service as "reasonably verifiable evidence" that Newman mailed his notice of appeal on December 5, 2020, and this date serves as the filing date under the prisoner mailbox rule. *Betts*, *supra*; PCRA Court Opinion, 4/6/21, at 2. However, this date renders the notice of appeal untimely by five days.

"Generally, an appellate court cannot extend the time for filing an appeal. . . . Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted). Appellate courts may grant *nunc pro tunc* relief in

---

[5] The 30th day fell on Saturday, November 28, 2020. As a result, Newman had until the next business day, or Monday, November 30, 2020, to file his notice of appeal. *See* 1 Pa. C.S. § 1908.

extraordinary circumstances. *See Criss v. Wise*, 781 A.2d 1156, 1559 (Pa. 2001). An appeal may be permitted *nunc pro tunc* where the appellant proves "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Id.* We conclude that these requirements were met here.

In his notice of appeal, Newman certified that he did not receive the PCRA court's order through the prison mail system until December 4, 2020, and he promptly mailed his notice the following day. Newman could not have filed his notice of appeal before becoming aware of the PCRA court's order and did not delay in filing the notice once he received the order.[6] The notice of appeal was mailed shortly after the expiration date, as it was untimely by five days. Finally, as the Commonwealth does not contest the timeliness of Newman's appeal, it was not prejudiced by the delay. Accordingly, we decline to quash and move on to the merits of the appeal.

---

[6] We agree with the Commonwealth that the United States Postal Service was processing an unprecedented and overwhelming volume of mail in late October and November 2020, resulting in delivery delays. *See* Commonwealth's Brief at 13-14.

On appeal, Newman contends that the PCRA court erred in dismissing his petition as untimely under the PCRA's jurisdictional time-bar.[7] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); *see also* 42 Pa.C.S. 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

Newman's sentence became final in 2015 when this Court dismissed his direct appeal for failure to file a brief. 42 Pa.C.S. § 9545(b)(3). Because he

_____

[7] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

did not file the instant petition until January 6, 2020, his petition is facially untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements: that he was prevented from raising the claim earlier by government interference; that the claim is based on newly-discovered facts that could not have been ascertained earlier; or that the claim is predicated on a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, the petitioner invoking a time-bar exception must file the petition raising the claimed exception within one year[8] of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Newman asserts that his petition is timely under the exception for newly-discovered facts. 42 Pa.C.S. § 9545(b)(1)(ii). The newly-discovered facts exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (internal quotations and citation omitted). To establish timeliness pursuant to the newly-discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could

---

[8] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year rather than 60 days of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018. The amendment applies only to claims arising on or after December 24, 2017. *Id.* at § 3. Newman's claim arises from his receipt of the PCRA court's Pa. R.A.P. 1925(a) opinion on May 9, 2018, in response to his first PCRA appeal. Therefore, his claim is governed by the one-year time limit.

not have been ascertained by the exercise of due diligence." ***Id.*** "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

In dismissing the petition, the PCRA court concluded that Newman had not exercised due diligence to learn the outcome of his direct appeal because the dismissal was a matter of public record and his appellate counsel filed a motion in the trial court indicating his intent to withdraw the direct appeal. PCRA Court Opinion, 4/6/21, at 5-6. Our Supreme Court has overruled the presumption that a defendant knows facts that are in the public record, such as the disposition of an appeal, for the purposes of the newly-discovered facts exception. ***Small***, ***supra***, at 1285-86. Therefore, we consider whether Newman has pled sufficient facts to establish that he did not have actual knowledge of the dismissal of his direct appeal until May 2018 and that he could not have learned of the dismissal through exercising due diligence.[9]

---

[9] On appeal, the Commonwealth concedes that Newman's petition was filed within the one-year time limit for raising a time-bar exception and argues that
*(Footnote Continued Next Page)*

In his petition, Newman pled that he did not learn of the May 19, 2015 dismissal of his direct appeal until he received a copy of the Pa. R.A.P. 1925(a) opinion filed in response to his first PCRA appeal in May 2018. In support of this claim, he attached an affidavit from Taylor averring that she retained appellate counsel to pursue a direct appeal, and that Newman was upset in May 2018 when he realized that his direct appeal had been dismissed for failure to file a brief. Additionally, he attached copies of messages he allegedly sent to counsel seeking updates on the status of his case. In a message from March 2019, he expressed frustration that counsel had discontinued the direct appeal in favor of pursuing a PCRA petition.

However, as noted by the PCRA court, appellate counsel filed a response in lieu of a Pa. R.A.P. 1925(b) statement in Newman's direct appeal stating that he intended to withdraw the appeal. The response stated that "after a review of the record and consultation with Mr. Newman" counsel would be withdrawing the direct appeal in favor of pursuing claims of ineffective assistance of trial counsel. *See* Appellant's Response to Court Order Pursuant to Rule 1925, 11/13/14, at 1. The trial court filed a responsive opinion on March 6, 2015, noting that counsel had intended to withdraw the direct appeal, but the certified record does not contain a certificate of service

_____

he is entitled to an evidentiary hearing regarding whether he met the due diligence requirement of the exception. *See* Commonwealth's Brief at 14-22.

showing whether this filing was sent directly to Newman. Similarly, there is no indication in the record that this Court's May 19, 2015 order dismissing the appeal for failure to file a brief was served directly on Newman. He remained represented by appellate counsel at that time.

Additionally, appellate counsel references the completion of Newman's direct appeal in his first PCRA petition. *See* Petitioner's Memorandum of Law in Support of PCRA Petition, 4/5/16, at 7 n.2 ("[Newman's] judgment of sentence became final on June 19, 2015, thirty days after his appeal in the Superior Court concluded. The instant petition, filed less than a year later was thus timely filed."). The certificate of service indicates only that the pleading was sent to the Commonwealth. Similarly, the Commonwealth's motion to dismiss the petition references the dismissal of the direct appeal, but the certified record does not contain a certificate of service for that pleading. *See* Commonwealth's Motion to Dismiss, 9/28/16, at 4. Because Newman was represented by counsel at the time that all of these pleadings were filed, there is no indication of record that the pleadings were sent directly to him and Newman disputes whether counsel communicated the outcome of his direct appeal to him, we cannot conclude based solely on these filings that Newman knew that his direct appeal was dismissed for failure to file a brief.

The certified record also contains a letter sent from Newman to the prothonotary docketed August 19, 2019, in which Newman asserts that appellate counsel failed to file a brief in his direct appeal, communicate that

his direct appeal had concluded, or forward him relevant pleadings from his direct appeal and PCRA proceedings. Finally, in its response to the instant petition, the Commonwealth represented that it had spoken with appellate counsel and that he "contests defendant's assertions that defendant was unaware his appeal was being withdrawn in order for counsel to file a PCRA petition." Response, 6/16/20, at 4 n.1.

Under these circumstances, the certified record and Newman's petition evidence a question of fact as to when Newman learned that his direct appeal had been dismissed based on appellate counsel's failure to file a brief. To resolve this question, the PCRA court would have to make a credibility determination weighing the evidence set forth in Newman's petition and related testimony, appellate counsel's recollection of events, and whether and when Newman actually received the various filings related to his direct appeal and first PCRA petition. The PCRA court would also have to determine whether Newman exercised due diligence to learn the outcome of his appellate proceedings while represented by counsel. Because neither this Court nor the PCRA court could resolve these factual questions based on the information in the certified record, we conclude that an evidentiary hearing was necessary to determine whether Newman had properly invoked the newly-discovered

facts exception.[10]  The PCRA court erred by dismissing the petition without a hearing to resolve this issue.  Accordingly, we reverse the order dismissing the petition and remand for an evidentiary hearing.[11]

Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>9/29/2021</u>

---

[10] We note that Newman could not have filed the instant petition while his first PCRA petition was pending on appeal, from April 24, 2017, through November 14, 2019.  ***See Commonwealth v. Beatty***, 207 A.3d 957, 963 (Pa. Super. 2019) ("Where a prior petition is pending on appeal, a subsequent petition must be filed within the time limits set forth in Section 9545(b)(2) as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented.").  Accordingly, if the PCRA court concludes that Newman learned of the dismissal of his direct appeal for failure to file a brief in May 2018, he would have presented his newly-discovered facts claim "within one year of the date the claim could have been presented" by filing the instant petition on January 6, 2020.  42 Pa.C.S. 9545(b)(2).

[11] Because we remand for an evidentiary hearing, Newman is entitled to the appointment of counsel.  ***See*** Pa.R.Crim.P. 903(D).