J-A17023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :           PENNSYLVANIA
                                               :
                v.                               :
                                             :
                                           :
MIGUEL A. FIGUEROA                  :
                                           :
                Appellant          :     No. 1612 EDA 2021

Appeal from the Order Entered July 8, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005381-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :           PENNSYLVANIA
                                             :
                v.                               :
                                             :
                                           :
MIGUEL A. FIGUEROA                  :
                                           :
                Appellant          :     No. 1613 EDA 2021

Appeal from the Order Entered July 8, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008093-2018

BEFORE:  PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:              **FILED AUGUST 29, 2022**

Appellant Miguel A. Figueroa appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant contends that he has satisfied exceptions to the PCRA time

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

bar based on newly discovered facts and governmental interference, and that the PCRA court erred in denying his petition. We affirm based on the PCRA court's opinion.

We adopt the PCRA court's summary of the facts underlying this matter. *See* PCRA Ct. Op., 10/5/21, at 1. Briefly, Appellant was initially charged with various charges in connection with supplying cocaine and fentanyl to the leader of a large drug trafficking organization operating within Montgomery County at trial court docket CP-46-CR-5381-2018 (5381-2018).[2] *Id*. A separate investigation revealed that while Appellant was incarcerated, he made phone calls to friends and family members directing them to conceal the proceeds from his illegal drug activities. *Id.* Appellant's phone calls led to additional charges of dealing in proceeds and corrupt organization being filed at CP-46-CR-8093-2018 (8093-2018).[3] *Id.* On December 19, 2018, Appellant entered negotiated guilty pleas to the aforementioned charges, and the trial court imposed the agreed-upon mitigated-range aggregate sentence of eighteen to forty years' imprisonment. Additionally, federal authorities

_____

[2] At trial court docket 5381-2018, Appellant ultimately pled guilty to two counts of possession of a controlled substance with intent to deliver (PWID), 35 P.S. § 780-113(a)(30); and one count each of corrupt organizations, 18 Pa.C.S. § 911; criminal conspiracy to commit PWID, 18 Pa.C.S. § 903; and dealing in proceeds of unlawful activities, 18 Pa.C.S. § 5111(a)(1). N.T. Guilty Plea, 12/19/18 at 37.

[3] At trial court docket 8093-2018, Appellant pled guilty to one count each of dealing in proceeds of unlawful activities, 18 Pa.C.S. § 5111(a)(1); and criminal conspiracy, 18 Pa.C.S. § 911. *Id.* at 39-40.

agreed not to file indictments against Appellant or his family. **See** PCRA Ct. Op., 10/5/21, at 2; N.T. Guilty Plea, 12/19/18, at 37-40.

Appellant did not file a direct appeal. On January 15, 2019, Appellant, through new counsel filed a post-sentence motion *nunc pro tunc* requesting the trial court to allow counsel time to review certain affidavits and warrants, and thereafter, Appellant alleged that several of the search warrants were flawed. The trial court denied Appellant's post-sentence motion on January 23, 2019. **See** PCRA Ct. Op., 10/5/21, at 2.

Subsequently, Appellant filed a timely *pro se* PCRA petition on May 6, 2019, claiming that the Commonwealth withheld three search warrants from discovery. **See id.** at 3. On May 15, 2019, the PCRA court appointed counsel. **Id.** Counsel subsequently filed a **Turner/Finley**[4] letter and a motion to withdraw. **Id.** Following the PCRA court's independent review, on September 5, 2019, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and granted counsel's motion to withdraw. **Id.** Appellant filed a timely response to the Rule 907 notice on September 25, 2019. **Id.** On November 25, 2019, the court dismissed Appellant's first PCRA petition. **Id.** Appellant filed a *pro se* notice of appeal on December 19, 2019, and this Court quashed Appellant's appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), on December 24, 2020. **Commonwealth v. Figueroa**, 147 EDA 2020 (Pa. Super. filed Dec. 24, 2020) (unpublished mem.)

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Subsequently, Appellant filed a *pro se* motion to withdraw guilty plea *nunc pro tunc* on March 18, 2021, and an additional motion to withdraw guilty plea *nunc pro tunc* on April 13, 2021. **See** PCRA Ct. Op., 10/5/21, at 4. The PCRA court treated Appellant's March 18, 2021, motion as a second PCRA petition, and the court treated the April 13, 2021, motion as an amendment thereto. **Id.** at 4-5. On May 4, 2021, the PCRA court issued its Rule 907 notice of its intent to dismiss Appellant's second PCRA petition as untimely. **Id.** at 5. On July 8, 2021, the PCRA court dismissed Appellant's second PCRA petition. **Id.** at 5-6. Appellant filed the instant timely appeal at each trial court docket. **Id.** at 6. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for review:

1. Can the denial of post-conviction relief stand after the indigent, first-time PCRA petitioner in this case was, (1) stripped of PCRA counsel by the lower court's *sua sponte* order directing counsel's withdrawal in the absence of the filing of either an amended PCRA petition or a motion to withdraw; (2) forced to fend for himself without knowing, intelligent and voluntary waiver of his rights to PCRA counsel; and (3) denied appellate review when this Honorable Court neglected to raise the denial of PCRA counsel issue *sua sponte* and remand for the lower court to correct that mistake as required by **Commonwealth v. Stossel**, [17 A.3d 1286 (Pa. Super. 2011)] and **Commonwealth v. Betts**, [240 A.3d 616 ( Pa. Super. 2020)], but instead *sua sponte* quashed his [uncounseled] appeal due to a correctable defect?

2. Did the PCRA court err in finding that the instant petition was not timely filed and did not meet any timeliness exceptions where the instant petition would not have been necessary but for the government interference and denial of PCRA counsel on [Appellant's] timely filed first petition for post-conviction relief?

3. Is [Appellant] entitled to an opportunity to plead and prove his claim that plea counsel's ineffectiveness caused him to enter an invalid plea with effective assistance of counsel under the PCRA?

Appellant's Brief at 4 (formatting altered).

Following our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm based on the PCRA court's opinion. *See* PCRA Ct. Op., 10/5/21, 1-17. For these reasons, we agree with the PCRA court that Appellant's second PCRA petition was untimely, that no exceptions to the PCRA time bar apply, and further, that Appellant's claims of error are meritless. *See id.* Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2022