J-S28010-20

2020 PA Super 225

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
TASAI MARQUISE BETTS :
:
Appellant : No. 1159 MDA 2019

Appeal from the PCRA Order Entered June 17, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003339-2013

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
TASAI BETTS :
:
Appellant : No. 1160 MDA 2019

Appeal from the PCRA Order Entered June 17, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001004-2014

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

OPINION BY BOWES, J.:                    **FILED SEPTEMBER 15, 2020**

Tasai Betts appeals from the trial court's June 17, 2019 order dismissing his petition for relief under the Post-Conviction Relief Act ("PCRA").  After careful review, we vacate the order and remand with instructions.

The factual and procedural history of this case concerns two episodes of criminal behavior.  On the evening of June 13, 2013, a man sleeping in his car near the 1700 block of Miller Street in Harrisburg, Pennsylvania, was shot and

robbed by a masked assailant. In a separate incident, Appellant was arrested on June 22, 2013, following a lengthy vehicle pursuit with the Swatara Township and Highspire Police Departments on Interstate 83, which ended in an officer-involved crash. **See** N.T. Trial, 3/2/15, at 14-17. Officers recovered two handguns from Appellant's car, one of which was forensically linked to the aforementioned shooting.

In connection with the shooting at docket number CP-22-CR-0001004-2014 ("Docket No. 1004"), a jury convicted Appellant of attempted criminal homicide, robbery, aggravated assault, carrying a firearm without a license, and possession of a firearm by a minor. With respect to the vehicle chase and ensuing crash at docket number CP-22-CR-0003339-2013 ("Docket No. 3339"), a jury convicted Appellant of aggravated assault, four counts of recklessly endangering another person ("REAP"), possession of a firearm with an altered manufacturer number, possession of a firearm by a minor, carrying a firearm without a license, fleeing and eluding, possession of a controlled substance, and possession of drug paraphernalia.

On May 14, 2015, the trial court sentenced Appellant at both dockets to an aggregate term of twenty-one to forty-two years of imprisonment, followed by fifteen years of probation. On direct appeal, this Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Betts**, 159 A.3d 1018 (Pa.Super. 2016) (unpublished memorandum). On July 10, 2017, our

Supreme Court denied Appellant's petition for allowance of appeal. **See**

**Commonwealth v. Betts**, 169 A.3d 1039 (Pa. 2017) (*per curiam* order).

Appellant filed a timely *pro se* PCRA petition alleging, *inter alia*, that

appellate counsel had erred by challenging the weight, but not the sufficiency,

of the evidence underlying Appellant's convictions. **See** PCRA Petition,

11/8/17, at 12-13. Damian DeStefano, Esquire, was appointed to represent

Appellant. He filed a supplemental PCRA memorandum arguing, *inter alia*,

that Appellant's trial counsel was ineffective by "opening the door" to the

introduction of statements that Appellant had previously robbed another an

individual named Robert Parker, Jr. at gunpoint.[1]

On August 1, 2019, a PCRA hearing was held. During that hearing, the

PCRA court heard testimony from both Appellant and his trial counsel

concerning the cross-examination of Mr. Parker. **See** N.T. PCRA Hearing,

---

[1] At Appellant's first trial at Docket No. 1004, an individual named Robert Parker, Jr., testified for the Commonwealth that he had previously seen Appellant in possession of the weapon linked to the shooting. **See** **Commonwealth v. Betts**, 159 A.3d 1018 (Pa.Super. 2016) (unpublished memorandum at 4). On cross-examination, Mr. Parker testified that he was particularly familiar with the specific firearm in question because Appellant had pointed it at his head in a threatening manner on a previous occasion. This statement related to a separate robbery incident that was pending at the time of trial. As a result of this testimony, the trial court declared a mistrial pursuant to Pa.R.E. 404(b). At Appellant's re-trial, Mr. Parker again testified on cross-examination that Appellant had pointed a gun at his head. Appellant made another motion for a mistrial, but this time the trial court denied it. Specifically, the trial court held that Mr. Parker's "testimony was permitted for identification purposes." **Betts**, **supra** at 4. The trial court also issued a limiting instruction to the jury.

- 3 -

8/1/19, at 2-16. After entertaining briefs from both parties, the trial court filed an opinion concluding that trial counsel did not render ineffective assistance. **See** Memorandum Opinion and Order, 12/31/18, at 8-10. The order attached to the opinion notified Appellant of the PCRA court's intent to dismiss his petition, and provided him an opportunity to respond pursuant to Pa.R.Crim.P. 907.[2] **Id**.

Attorney DeStefano submitted a reply to the notice of dismissal that largely reiterated the prior arguments concerning trial counsel's allegedly erroneous cross-examination. **See** Response to Notice of Intent to Dismiss, 1/22/19, at ¶¶ 2(a)-(g). Two days later, Appellant filed *pro se* objections alleging that Attorney DeStefano had rendered ineffective assistance by failing to: (1) assert trial counsel's ineffectiveness for failing to refute fingerprint evidence tying Appellant to the crashed vehicle; and (2) raise direct appellate counsel's ineffectiveness for failing to seek a new trial on the basis of allegedly inconsistent statements made by Mr. Parker post-trial.[3] **See** Appellant's *Pro*

---

[2] It is unclear why the PCRA court elected to enter such a notice in this case, as a hearing had already been held when the PCRA court provided notice of its intent to dismiss. However, there is nothing in the text of the rule explicitly prohibiting such a procedure. **See** Pa.R.Crim.P. 907(1) (indicating that the absence of an evidentiary hearing is not a prerequisite to the court's entry of notice of its intent to dismiss).

[3] Specifically, Appellant alleged that Mr. Parker stated he had intentionally misidentified the at-issue firearm after the conclusion of the trial. **See** Appellant's *Pro Se* Objections, 1/24/19, at ¶ 2(b).

*Se* Objections, 1/24/19, at ¶¶ 2(a)-(b).[4]  Appellant's timely *pro se* objections were accepted for filing and docketed in the trial court.[5]  **See** Trial Court Consolidated Docket, 10/22/19, at #33.

_____

[4]  Criminal defendants may not ordinarily engage in hybrid representation. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011).  As discussed further *infra*, Appellant's *pro se* allegations of PCRA counsel ineffectiveness were permitted under these circumstances.  **See Commonwealth v. Ford**, 44 A.3d 1190, 1200 (Pa.Super. 2012) ("[I]ssues of PCRA counsel ineffectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court**.**").

[5]  Appellant filed this response two days outside of the 20-day window contemplated by Rule 907(1).  **See** Pa.R.Crim.P. 907(1).  Our review of Pennsylvania case law suggests that the failure to object within this 20-day period can result in waiver.  **See Commonwealth v. Pitts**, 981 A.2d 875, 879 n.3 (Pa. 2009).  Specifically, Appellant's Rule 907(1) response period expired on January 22, 2019, and his *pro se* objections were filed on January 24, 2019.  However, Appellant was incarcerated at the time that he submitted this filing, and is therefore entitled to the benefit of the "prisoner's mailbox rule."  **See Commonwealth v. Little**, 716 A.2d 1287, 1289 (Pa.Super. 1998) (applying the mailbox rule to PCRA filings).  Under this rule, submissions from an incarcerated litigant are deemed to be filed when deposited into the prison mailing system, or handed over to prison officials for mailing.  **Id**.

Appellant's *pro se* objections contain a certificate of service that is dated January 14, 2019.  There is no additional documentation indicating when Appellant submitted this mailing to prison officials.  However, "we are inclined to accept **any** reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities."  **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa.Super. 2002) (emphasis added).  Here, Appellant's filing was untimely by only two days.  Given the inherent delays associated with mail delivery and the totality of the circumstances, we conclude that Appellant's *pro se* response must have been deposited for mailing no later than January 22, 2019.  **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa.Super. 2007) (finding that a *pro se* submission that arrived late for filing by three days was presumed timely despite a lack of supporting documentation based on the date of delivery); **see also Commonwealth v. Johnson**, 860 A.2d 146, 149 (Pa.Super. 2004) **abrogated on separate**

On June 17, 2019, the PCRA court entered a final order dismissing Appellant's PCRA petition. In the text of this order, the PCRA court referenced only the arguments concerning trial counsel's cross-examinations of Mr. Parker. On July 10, 2019, Appellant filed a single *pro se* notice of appeal while still represented by Attorney DeStefano. Five days later, Attorney DeStefano submitted timely notices of appeal at both docket numbers noted above.[6] That same day, he also filed a petition on Appellant's behalf that purported to seek permission to proceed *pro se* and requested a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).[7]

On August 5, 2019, the *Grazier* hearing was held. However, Appellant advised the PCRA court that he had not requested a *Grazier* hearing, but wished to discuss his allegations of Attorney DeStefano's ineffectiveness and obtain substitute counsel. The following exchange took place:

> APPELLANT: Well, I thought that this hearing was to see if [Attorney DeStefano] was ineffective.

_____

grounds *Commonwealth v. Robinson*, 931 A.2d 15 (Pa.Super. 2007) (same). We also note that an extended holiday weekend immediately preceded the end of the Rule 907 response time in this case, making it all the more likely that Appellant's filing was mailed **prior** to the expiration of the applicable deadline. Thus, Appellant's *pro se* objections were timely filed.

[6] On August 13, 2019, we consolidated these appeals *sua sponte*.

[7] The first indication of a breakdown in the relationship between Appellant and Attorney DeStefano is a July 3, 2019 letter from Appellant. In that correspondence, Appellant advises Attorney DeStefano of his desire to obtain substitute representation, and asks Attorney DeStefano to withdraw from his case. This correspondence makes no mention of Appellant proceeding *pro se*.

THE COURT: No, you never indicated that he was ineffective.

APPELLANT: That's what I thought this hearing was about, so I could raise the claim that –

THE COURT: This hearing is to determine whether or not you can afford your own counsel or you're gonna represent yourself or continue with [Attorney DeStefano].

APPELLANT: Well, I will – I guess at this point in time I'm gonna represent myself.

N.T. *Grazier* Hearing, 8/5/19, at 4. After a colloquy, the PCRA court granted Appellant leave to proceed *pro se* and Attorney DeStefano leave to withdraw.

Appellant was directed to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and he timely complied. The PCRA court filed a Rule 1925(a) opinion. Thereafter, Appellant filed a number of *pro se* applications, which were denied. Then, Attorney DeStefano strangely filed an application seeking remand on Appellant's behalf.[8] *See* Petition for Remand to Trial Court, 11/5/19, at 1-6. This filing asserted that Appellant had preserved claims related to Attorney DeStefano's alleged ineffectiveness.[9] *Id*. at ¶¶ 19(a)-(j). Thereafter, he apparently resumed representation of Appellant, and

_____

[8] Attorney DeStefano remains listed as Appellant's counsel in this Court. His purported withdrawal took place several weeks **after** he filed counseled notices of appeal on Appellant's behalf. As a result, Attorney DeStefano was automatically listed as counsel of record. *See* Pa.R.A.P. 907(b). As of the filing of this opinion, no withdrawal documents have been filed in this Court.

[9] Regardless of the circumstances, Attorney DeStefano is not permitted to argue his own ineffectiveness. *See Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011) ("[C]ounsel cannot argue his or her own ineffectiveness.").

filed a brief on his behalf. Appellant has not filed a *pro se* brief, and contemporaneous filings cast significant doubt on the nature and extent of the attorney-client relationship. **See** *Pro Se* Motion for Enlargement of Time, 2/13/20, at ¶ 5 ("As it stands, it is unclear whether Appellant is actually *pro se* or is still represented by [Attorney DeStefano].").

The brief filed on Appellant's behalf by Attorney DeStefano raises the following issue for our review: "Whether the trial court erred when it dismissed Appellant's petition for post[-]conviction relief following an evidentiary hearing regarding ineffectiveness of trial counsel?" Appellant's brief at 7 (excessive capitalization omitted).

Our standard of review when considering an order dismissing a PCRA petition is "whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Williams**, 220 A.3d 1086, 1090 (Pa.Super. 2019) (citing **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa.Super. 2012)).

Before addressing the argument presented by Attorney DeStefano, we are compelled to address a number of procedural irregularities in this case concerning Appellant's allegations of PCRA counsel's ineffectiveness, and the PCRA court's treatment of those claims. Specifically, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and

remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011).

As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence. *See **Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence."). In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)).

While the existence of this right is well-established, the procedure for its enforcement, *i.e.*, raising allegations of PCRA counsel's ineffectiveness, remains ill-defined under Pennsylvania law:

> [T]here is no formal mechanism in the PCRA for a second round of collateral attack focusing upon the performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of [previous counsel's] ineffectiveness defaulted by initial-review PCRA counsel. Frankly, this Court has struggled with the question of how to enforce the "enforceable" right to effective PCRA counsel within the strictures of the PCRA . . . . The question of whether and how to vindicate the right to effective PCRA counsel has been discussed at length in majority opinions and in responsive opinions . . . . But, the Justices have not been of one mind respecting how to resolve the issue, and no definitive resolution has emerged.

***Holmes***, ***supra*** at 583-84. Stated more succinctly, "since petitioners are not authorized to pursue hybrid representation and counsel cannot allege [their]

- 9 -

own ineffectiveness, claims of PCRA counsel ineffectiveness cannot **ordinarily** be raised in state post-conviction proceedings[.]" ***Commonwealth v. Rykard***, 55 A.3d 1177, 1188 (Pa.Super. 2012) (emphasis added).

However, our Supreme Court also concomitantly requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. ***See Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009). In ***Pitts***, the defendant raised allegations of PCRA counsel's ineffectiveness for the first time in a *pro se* appeal. A majority of our High Court determined that Pitts had waived these claims because he did not raise these assertions in response to, *inter alia*, the PCRA court's Rule 907 notice. ***Id***.

Our Supreme Court explicitly rejected Pitts' argument that hybrid representation prevented him from raising these objections during the PCRA proceedings, and while he was still represented by counsel:

> Although Pitts asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter [under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988)] and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so. Thus, the issue of whether PCRA counsel was ineffective for failing to raise the direct appeal issue was waived[.]

***Id***. Subsequent interpretation of ***Pitts*** by both the Supreme Court and this Court have reaffirmed this aspect of the holding. ***See Commonwealth v. Robinson***, 139 A.3d 178, 184 n.8 (Pa. 2016); ***Commonwealth v. Henkel***,

- 10 -

90 A.3d 16, 25 (Pa.Super. 2014) (*en banc*) ("[T]he **Pitts** majority mandated that a petitioner raise any allegations of PCRA counsel ineffectiveness in response to the PCRA court's notice of dismissal.").

As described above, Appellant complied with our Supreme Court's mandate in **Pitts** by filing a timely objection to the PCRA court's Rule 907 notice raising allegations of Attorney DeStefano's ineffectiveness.[10]  **See** Appellant's *Pro Se* Objections, 1/24/19, at ¶¶ 2(a)-(b).  Indeed, once the PCRA court filed its Rule 907 notice, Appellant was **required** to raise these allegations or waive them under existing precedent.  **Accord Pitts**, **supra** at 880 n.4.  Despite the fact that Appellant was represented by Attorney DeStefano at the time of filing, the certified record leaves no question that Appellant raised and preserved these claims before the PCRA court.  **Id**. Critically, Appellant raised these claims before the entry of a final PCRA order.

Unfortunately, it is equally clear from the certified record that the PCRA court neither recognized the significance of this filing, nor considered its contents prior to dismissing Appellant's PCRA petition.[11]  **See** Order, 6/17/18

---

[10]  We also note that Appellant raised these allegations **before** an appeal had been taken in his case.  Accordingly, he has also avoided the application of a robust line of Pennsylvania precedent prohibiting PCRA petitioners from raising such claims for the first time on appeal.  **See Commonwealth v. Robinson**, 139 A.3d 178, 184 n.8 (Pa. 2016) (collecting cases), **Commonwealth v. Henkel**, 90 A.3d 16, 21-30 (Pa.Super. 2014) (*en banc*) (same).

[11]   After it dismissed Appellant's PCRA petition and permitted Attorney DeStefano's withdrawal, the PCRA court attempted to rectify this error by

(acknowledging only the PCRA claims raised by Appellant's counsel); ***see also*** N.T. ***Grazier*** Hearing, 8/5/19, at 4. The PCRA court never even considered Appellant's procedurally-valid assertions of ineffectiveness until months after the PCRA proceedings were closed. As a result, Appellant's concerns were not reviewed or investigated by the PCRA court in a meaningful way.

More troubling, PCRA counsel also did not realize that Appellant had raised these layered ineffectiveness claims until months after an appeal had already been taken in Appellant's case. ***Compare*** Appellant's ***Grazier*** Petition, 7/15/19, at ¶¶ 1-12 (neglecting to mention any of Appellant's claims of PCRA counsel's ineffectiveness) ***with*** Appellant's Application for Remand, 11/5/19, at ¶¶ 9, 19 ("It is believed and therefore averred that this matter should be remanded to the [PCRA] court to address Appellant's claims that PCRA counsel was ineffective[.]"). Our chief concern is that Appellant never received the assistance of counsel in arguing the merits of these ineffectiveness claims to the PCRA court.

As noted above, Appellant unambiguously voiced his dissatisfaction with Attorney DeStefano's representation and asked to end their attorney-client relationship in a July 3, 2019 letter. Thereafter, he raised allegations of ineffectiveness in the PCRA court, which were largely ignored.

_____

eventually addressing Appellant's claims in its Rule 1925(a) opinion. ***See*** Rule 1925(a) Opinion, 10/22/19, at 10-12 (concluding Appellant's "layered" claims of PCRA counsel's ineffectiveness were meritless). By that point, the deprivation of Appellant's right to counsel was already a *fait accompli*.

Appellant's rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding. **See Holmes**, **supra** at 583; **Henkel**, **supra** at 22-23 (citing Pa.R.Crim.P. 904(F)(2)). Necessarily, Appellant had a right to effective counsel when he alleged Attorney DeStefano's ineffectiveness in response to the PCRA court's Rule 907 notice. **Id**. However, as a matter of Pennsylvania law, he could not rely upon his appointed counsel to assist him in this specific context. **See Commonwealth v. Spotz**, 18 A.3d 244, 329 n.52 (Pa. 2011) ("[C]ounsel cannot argue his or her own ineffectiveness[.]"); **see also**, **e.g.**, **Commonwealth v. Ellis**, 626 A.2d 1137, 1138-39 (Pa. 1993) ("[U]nder no other circumstances are counsel and client permitted to present opposing arguments[.]").

In this specific context, Appellant's timely allegations of ineffectiveness created a "substantial" and "irreconcilable" conflict in his relationship with Attorney DeStefano. **See** Pa.R.Crim.P. 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons.");[12] **Commonwealth v. Jette**, 23 A.3d 1032, 1041 n.10 (Pa. 2011) ("To satisfy this standard, a defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him."). Our case law is replete with instances where allegations of ineffectiveness have necessitated the appointment of

---

[12] We note that Appellant's response to the PCRA court's Rule 907 notice included a request for the appointment of new counsel.

substitute counsel in the post-collateral context. *See*, *e.g.*, *Commonwealth v. Fox*, 383 A.2d 199, 200 (Pa. 1978) ("[W]e cannot assume that appellant's PCHA counsel adequately advised appellant of his own inadequacies . . . .") (citing *Commonwealth v. Sherard*, 384 A.2d 234, 234 (Pa. 1977) (same)).

Instantly, Attorney DeStefano was faced with the impossible choices of: (1) taking no action, or rejecting Appellant's assertions of ineffectiveness, thereby narrowing Appellant's available claims for relief and opposing his client's interests; or (2) confirming Appellant's assertions and assisting Appellant in pursuing them while he still represented Appellant. Either choice would be objectionable under Pennsylvania law. *Accord Spotz*, *supra* at 329 n.52; *Ellis*, *supra* at 1138-39. And while Appellant had an obligation to **raise** these claims, we do not believe that *Pitts* requires him to shoulder the heavy burden of establishing his right to relief without the assistance of counsel. Requiring Appellant to make substantive *pro se* arguments would undermine his efforts to obtain collateral relief. *See*, *e.g.*, *Commonwealth v. Jette*, 23 A.3d 1032, 1040 (Pa. 2011) ("[P]ermitting the *pro se* brief may involve a conflict between lawyer and client, and this conflict could undermine appellant's chance of success[.]"). Such a conclusion would subvert the purpose of Appellant's entitlement to the effective assistance of counsel.

In sum, we believe that Appellant is entitled to remand for the appointment of substitute PCRA counsel to prosecute these abeyant claims of

ineffectiveness. Our Supreme Court has opined that remand and appointment of new PCRA counsel is appropriate in such circumstances:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

*Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999); *see also Commonwealth v. Cox*, 204 A.3d 371, 390 (Pa. 2019) (affirming *Kenney* for the proposition that "remand for appointment of counsel is appropriate remedy when the right to appointment counsel has been effectively denied").

We are cognizant that an indigent defendant's entitlement to the assistance of counsel "does not include the right to counsel of the defendant's choice." *Commonwealth v. Tighe*, 184 A.3d 560, 576 (Pa.Super. 2018). However, we can discern no other mechanism other than the appointment of substitute PCRA counsel to ensure that Appellant's interests are adequately represented and his right to counsel fully realized. The failure of the PCRA court to properly respond to Appellant's assertions of ineffectiveness, coupled with the inability of Attorney DeStefano to meaningfully represent Appellant once these allegations had been advanced, collectively undermined

Appellant's right to the effective assistance of counsel.[13]  Remand for the appointment of new PCRA counsel is the solution to the conundrum posed by the procedural irregularities in this case.[14]  ***Accord Kenney***, ***supra*** at 1164;

_____

[13]  Appellant's assertions of Attorney DeStefano's ineffectiveness may ultimately prove meritless.  Our holding is concerned only with ensuring those claims are given proper consideration.  Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions.  That is the province of the PCRA court.  ***See Commonwealth v. Kenney***, 732 A.2d 1161, 1165 (Pa. 1999) ("In reaching the merits of the instant claim by disregarding the proceedings in the PCRA court, the Superior Court acted as a secondary PCRA court.  This was error."); ***Commonwealth v. Williams***, 167 A.3d 1, 6 (Pa.Super. 2017) (same).  We also note that Appellant's entitlement to the effective assistance of counsel is not predicated upon the existence of meritorious issues.  ***See***, ***e.g.***, ***Commonwealth v. Kelsey***, 206 A.3d 1135, 1140 (Pa.Super. 2019) (holding first-time PCRA petitioner is entitled to the assistance of counsel in presenting even facially meritless *pro se* allegations of error).

[14]  We also note our significant concerns regarding the ***Grazier*** procedure that was utilized in this case.  First, the PCRA court erred in conducting a ***Grazier*** hearing during the pendency of this appeal, and without any notice to this Court.  ***See*** Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken . . ., the trial court or other government unit may no longer proceed further in the matter.").  In effect, the instant appeal deprived the trial court of jurisdiction to take any such actions unless this Court remanded with specific instructions.  ***See***, ***e.g.***, ***Commonwealth v. Pearson***, 685 A.2d 551, 557-58 (Pa.Super. 1996) (holding that the filing of an appeal divests the trial court of jurisdiction to take any actions that are not "ministerial" or "ancillary" in nature).  Here, Appellant's decision to proceed *pro se* was not a mere incidental development, but one which had critical implications for the nature and extent of his potential appellate arguments.  As such, Rule 1701(a) applies.  ***Id***.

We are also struck by the additional layer of procedural dissonance that confronts us as a result of this error.  Despite the invalid ***Grazier*** hearing, Appellant's attempted waiver of his right to representation, and Appellant's on-the-record statements asserting his desire to proceed *pro se*, PCRA counsel continued to represent Appellant and filed an appellate brief on his behalf.  This is particularly perplexing in light of the knowledge that Appellant originally

*see also*, *e.g.*, *Commonwealth v. Williams*, 167 A.3d 1, 6 (Pa.Super. 2017) ("[T]he best resolution of this case is to vacate and remand for [substitute] PCRA appellate counsel to file a new amended PCRA petition on Appellant's behalf and for further proceedings."); *Commonwealth v. Willis*, 29 A.3d 393, 400 (Pa.Super. 2011) (remanding for appointment of new PCRA counsel where both the PCRA court and prior PCRA counsel were "responsible" for the effective denial of a PCRA petitioner's right to counsel).

On remand, we direct the PCRA court to appoint substitute PCRA counsel to represent Appellant. Newly-appointed PCRA counsel shall: (1) review Appellant's *pro se* objections concerning Attorney DeStefano's ineffectiveness; (2) file supplemental briefing limited to discussing the merits of those claims within a reasonable time frame; and (3) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have an opportunity to file a response to any supplemental filings from Appellant. Thereafter, the PCRA court shall have the discretion to proceed as it deems fit

_____

sought to end his relationship with former PCRA counsel over disagreements concerning the issues to be raised in this appeal. It is entirely unclear from the certified record whether Appellant and PCRA counsel reached some accord to continue their attorney-client relationship, or if Appellant continued to labor under the mistaken belief that he is a *pro se* litigant while PCRA counsel submits filings on his behalf without his knowledge.

This error, alone, would require remand. *See*, *e.g.*, *Commonwealth v. Robinson*, 970 A.2d 455, 456 (Pa.Super. 2009) (*en banc*) ("We hold that in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a hearing must be held.").

under Pennsylvania law and the Pennsylvania Rules of Criminal Procedure, including ordering further proceedings and granting or denying Appellant's PCRA petition.

Order vacated.  Case remanded.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2020