J-A16013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                           : PENNSYLVANIA
                                                           :

             v.                                           :

WILLIAM PITT                             :

              Appellant                : No. 518 EDA 2021

Appeal from the PCRA Order Entered February 26, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014105-2014

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED SEPTEMBER 23, 2022**

William Pitt appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We vacate the order and remand for the appointment of new counsel.

On April 11, 2016, Pitt entered an open guilty plea to third-degree murder, aggravated assault, and possession of an instrument of a crime.[1] The court imposed an aggregate sentence of 20 to 40 years' incarceration. The court also imposed restitution in the amount of $10,000 to the victim's family, for funeral expenses. Pitt filed a post-sentence motion seeking reconsideration of his sentence, which was denied. Pitt appealed, and we affirmed his judgment of sentence on March 13, 2018. **Commonwealth v. Pitt**, No. 3354

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 2702, and 907, respectively.

EDA 2016, unpublished memorandum at *1 (Pa.Super. filed March 13, 2018). Pitt did not seek allowance of appeal.

Less than one year after we affirmed, on September 25, 2018, Pitt filed the instant *pro se* PCRA petition, his first. He asserted claims that his plea counsel was ineffective for causing him to enter into an involuntary plea, the sentencing statute for third-degree murder was unconstitutional, and his sentence was illegal. Counsel was appointed and filed a **Finley**[2] no-merit letter and a motion to withdraw as counsel. The court thereafter issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on August 23, 2019.

On September 20, 2019, Pitt filed a *pro se* response to the Rule 907 notice, styled as "Amended Post Conviction Relief Act Petition in Response to this Court's 907 Notice to Dismiss" (hereinafter, "907 Response"), in which he claimed the following: 1) his guilty plea was unknowing and unintelligent because he was not informed at the guilty plea hearing that his sentence would include mandatory restitution; 2) his trial, direct appeal, and PCRA counsel were all ineffective for failing to raise this claim; 3) his trial, direct appeal, and PCRA counsel were all ineffective for failing to raise the claim that 18 Pa.C.S.A. § 2502(c) (regarding third-degree murder) was unconstitutionally vague; and 4) plea counsel was ineffective for failing to investigate and call witness Melissa Hurling, and PCRA counsel was ineffective for failing to raise this claim.

---

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Pitt's 907 Response, 9/20/19, at 3-12. The court ordered PCRA counsel to review Pitt's 907 Response.

Pitt later wrote to the PCRA court, on October 10, 2019, requesting a new attorney. Pitt explained that since his 907 Response raised several claims of PCRA counsel's ineffectiveness, PCRA counsel could no longer represent him because the claims created a conflict of interest. Pitt's Letter, filed 10/11/19, at 1 (unpaginated).

After reviewing Pitt's 907 Response, on March 13, 2020, counsel filed an amended PCRA petition ("Counseled Amended PCRA Petition"). The amended petition asserted a single claim: that plea counsel was ineffective for failing to inform Pitt that his sentence included mandatory restitution in the amount of $10,000. Counseled Amended PCRA Petition, filed 3/13/20, at ¶ 10. Counsel did not address the other issues raised in Pitt's 907 Response.

Pitt filed another *pro se* petition on July 24, 2020, alleging the same claims set forth in his 907 Response, and adding a claim that he was innocent of third-degree murder.

The court held an evidentiary hearing on February 26, 2021, on the single claim set forth in Pitt's Counseled Amended PCRA Petition, namely that plea counsel was ineffective for failing to notify Pitt that his sentence included restitution. During the hearing, the Commonwealth volunteered that it only had documentation in the amount of $8,192 for the restitution for funeral expenses, and not in excess of $10,000 as the victim's family had stated at sentencing. N.T., 2/26/21, at 50-51, 55. The court allowed Pitt's counsel to

amend the petition to include a claim that the restitution amount was not supported by the evidence. *Id.* at 52, 56.

At the conclusion of the hearing, the court granted Pitt's claim and vacated the restitution award for lack of proof. *Id.* at 56. However, it rejected Pitt's other PCRA claims, including his claim that plea counsel was ineffective. *Id.* Pitt thereafter filed the instant timely appeal. During the pendency of this appeal, Pitt filed a motion to proceed *pro se*. On October 18, 2021, this Court remanded the case for the PCRA court to conduct a ***Grazier***[3] hearing. Following the ***Grazier*** hearing, the PCRA court permitted Pitt to proceed *pro se*. Pitt subsequently filed a *pro se* supplemental Pa.R.A.P. 1925(b) statement of errors complained of on appeal. This Court directed the PCRA court to file a supplemental Pa.R.A.P. 1925(a) opinion, and the court complied. Pitt raises two questions for our review:

> I. Was [d]irect appeal counsel ineffective for failing to raise the claim that [Pitt's] plea was unknowing, involuntary and unintelligent where he was never informed that he was subject to mandatory restitution as part of his plea?
>
> a. Was PCRA counsel ineffective for failing to raise this claim in the PCRA court?
>
> II. [Did t]he PCRA [c]ourt commit[] an error of [l]aw when it refused to appoint [Pitt] new counsel after [Pitt] filed an ineffective assistance of counsel claim against PCRA counsel which caused said counsel to have an inherent conflict of interest with [Pitt] and the claims in the Amended Petition.

_____

[3] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Pitt's Br. at 7 (emphasis removed and footnote omitted).

We only address Pitt's second issue. An indigent person is entitled to the appointment of counsel for proceedings on a first PCRA petition. **Commonwealth v. Albert**, 561 A.2d 736, 738 (Pa. 1989). "In this context, the right to counsel conferred on initial PCRA review means an enforceable right to the effective assistance of counsel." **Commonwealth v. Betts**, 240 A.3d 616, 621 (Pa.Super. 2020) (citations and internal quotation marks omitted). A petitioner's "rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding." **Id.** at 623.

To obtain review of a claim that PCRA counsel provided ineffective assistance, a PCRA petitioner is required to raise the challenge at the first opportunity to do so, including in a timely response to a PCRA court's Rule 907 notice of intent to dismiss the petition. **Commonwealth v. Bradley**, 261 A.3d 381, 386, 401 (Pa. 2021).

Here, Pitt raised his challenge to PCRA counsel's representation in a timely response to the PCRA court's Rule 907 notice. The PCRA court further instructed PCRA counsel to review the response. Thus, Pitt preserved his challenge to PCRA counsel's effectiveness.

When Pitt asserted PCRA counsel's ineffectiveness, a conflict was created with PCRA counsel such that new counsel should have been appointed. **See Bradley**, 261 A.3d at 398. Pitt had a right to effective assistance of counsel when he alleged PCRA counsel's ineffectiveness. However, he could not rely on PCRA counsel to assist him in pursuing these claims because

counsel cannot argue their own ineffectiveness. *See Betts*, 240 A.3d at 623 (citing *Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011) ("[C]ounsel cannot argue his or her own ineffectiveness"). While we are cognizant that the PCRA court addressed PCRA counsel's effectiveness in its supplemental Pa.R.A.P. 1925(a) opinion, Pitt was nevertheless entitled to effective assistance of counsel for those issues. Accordingly, we remand for the appointment of substitute PCRA counsel "to ensure that [a]ppellant's interests are adequately represented and his right to counsel fully realized." *Id.* at 624.

On remand, the court shall appoint substitute PCRA counsel who shall: (1) review Pitt's *pro se* allegations of PCRA counsel's ineffectiveness;[4] (2) file supplemental briefing limited to these issues within a reasonable time frame; and (3) continue to represent Pitt for the duration of these PCRA proceedings. The Commonwealth shall have a reasonable opportunity to respond to any supplemental filings. Thereafter, the PCRA court shall proceed as it deems appropriate.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

_____

[4] As this Court recognized in **Betts**, "Appellant's assertions of [PCRA counsel's] ineffectiveness may ultimately prove meritless. Our holding is concerned only with ensuring those claims are given proper consideration. Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions. That is the province of the PCRA court." 240 A.3d at 624 n.13 (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2022