J-S29015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHESTER CARR | : | |
| | : | |
| Appellant | : | No. 5 WDA 2022 |

Appeal from the PCRA Order Entered November 30, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000788-2018

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: JANUARY 6, 2023**

Chester Carr appeals from the order entered in the Erie County Court of Common Pleas on November 30, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Carr's court-appointed counsel seeks to withdraw pursuant to the Pennsylvania Supreme Court's recent holding in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). After careful review, vacate the PCRA court's order, grant counsel leave to withdraw, and remand for further proceedings consistent with this memorandum.

A previous panel of this Court set forth the factual background of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[Carr's] charges arose on April 27, 2017, when the victim … purchased heroin laced with [f]entanyl from [Carr] and died from an overdose. … At the time, [Carr] was incarcerated at the Erie County Prison. However, he used the prison telephone system [to direct his 16-year old girlfriend] where she could find [Carr's] stash of drugs, prepare the drugs for delivery, contact [the victim,] and deliver the drugs to her. [Carr's girlfriend] drove to [the victim's] house and delivered the drugs [pursuant to Carr's] instructions.

*Commonwealth v. Carr*, 227 A.3d 11, 12 (Pa. Super. 2020) (citation omitted).

On August 14, 2018, following a two-day trial, a jury found Carr guilty of conspiracy to commit drug delivery resulting in death, drug delivery resulting in death, conspiracy to commit possession with the intent to deliver, possession with intent to deliver, possession, paraphernalia, recklessly endangering another person, and criminal use of a communication facility. The trial court imposed sentence, and Carr filed a timely post-sentence motion to modify his sentence, which the trial court denied. On January 21, 2020, we affirmed Carr's judgment of sentence on direct appeal.

On January 14, 2021, Carr filed a timely *pro se* PCRA petition. Counsel was appointed and filed a supplemental PCRA petition. Evidentiary hearings were held in April 2021 and again in June 2021. On November 30, 2021, the PCRA court entered an order and opinion denying the PCRA petition. PCRA counsel filed a timely notice of appeal on Carr's behalf.

Two months later, Carr filed a *pro se* motion for appointment of new counsel in this Court, asserting his PCRA counsel was ineffective. PCRA counsel

then filed a petition for leave to withdraw as counsel and requested a remand for appointment of alternative appellate counsel. PCRA counsel conceded that Carr had asserted claims of ineffective assistance against him, implicating our Supreme Court's holding in **Bradley**. Our Court deferred consideration of the petition to withdraw to the merits panel.

PCRA counsel subsequently filed a brief on Carr's behalf. The brief did not include any mention of the claims of PCRA counsel ineffectiveness.

A few days later, Carr filed a *pro se* application for relief with this Court, seeking new counsel not associated with PCRA counsel. Specifically, he asserted there was a conflict of interest with current PCRA counsel since counsel had filed a petition to withdraw. This Court denied the application for relief based on counsel filing a brief on Carr's behalf.

A month later, Carr filed a *pro se* motion for application of enlargement of time to file a supplemental amended brief, in which Carr asserted the counseled brief was inadequate and that Carr had issues of arguable merit that counsel failed to include in the initial brief. This Court again denied relief based on counsel filing a brief on Carr's behalf.

Initially, we address Carr's allegations of ineffective assistance of PCRA counsel. An indigent person is entitled to the appointment of counsel for proceedings on a first PCRA petition. **See Commonwealth v. Albert**, 561 A.2d 736, 738 (Pa. 1989). "In this context, the right to counsel conferred on initial PCRA review means an enforceable right to the effective assistance of

counsel." ***Commonwealth v. Betts***, 240 A.3d 616, 621 (Pa. Super. 2020) (citations and internal quotation marks omitted). A petitioner's "rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding." ***Id.*** at 623.

To obtain review of a claim that PCRA counsel provided ineffective assistance, a PCRA petitioner is required to raise the challenge at the first opportunity to do so. ***See Bradley***, 261 A.3d at 401. Specifically, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id***. at 401.

Here, Carr raised his challenge to PCRA counsel's representation for the first time in a *pro se* motion filed a little over a month after counsel filed a notice of appeal on his behalf. When Carr asserted PCRA counsel's ineffectiveness, a conflict was created with PCRA counsel. This conflict was further reinforced by counsel's acknowledgment of Carr's claims against him, and request to withdraw as counsel. Nevertheless, this Court accepted PCRA counsel's brief filed on Carr's behalf, which wholly ignored Carr's claims of ineffectiveness of PCRA counsel.

We conclude that PCRA counsel has acted appropriately in seeking withdrawal and a remand. Carr could not rely on PCRA counsel to assist him in pursuing these ineffectiveness claims because counsel cannot argue their own ineffectiveness. ***See Betts***, 240 A.3d at 623 (citing ***Commonwealth v.***

***Spotz***, 18 A.3d 244, 329 n.52 (Pa. 2011)) ("[C]ounsel cannot argue his or her own ineffectiveness"). Nor was Carr able to raise these claims with alternate counsel or *pro se*, **see Bradley**, 261 A.3d at 401, as this Court denied him alternate counsel, and denied him the ability to file a *pro se* supplemental brief.

Under these circumstances, we must remand for the PCRA court to appoint Carr new counsel to assist Carr in raising his claims that PCRA counsel was ineffective. This remand necessarily includes the opportunity for Carr to further develop these claims before the PCRA court and allow the court to rule on these claims in the first instance. **See Bradley**, 261 A.3d at 402. We remind all parties that any claims of PCRA counsel ineffectiveness must "provide more than mere boilerplate assertions[.]" **See id**.

Order vacated. Motion to withdraw as counsel granted. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/6/2023