J-S10039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE JEFFCOAT-PARKER | : | |
| | : | |
| Appellant | : | No. 2764 EDA 2022 |

Appeal from the PCRA Order Entered September 14, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No:  CP-46-CR-0000058-2017

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 27, 2023**

Appellant, Tyrone Jeffcoat-Parker, appeals from the order entered September 14, 2022, in the Court of Common Pleas of Montgomery County, denying as untimely his amended petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel alleged in the petition that he himself was ineffective for failing to file a timely original PCRA petition.  The PCRA court dismissed the amended petition on the ground that counsel could not allege his own ineffectiveness.  Upon review, we vacate the order and remand to the PCRA court for proceedings consistent with this memorandum.

The PCRA court summarized the relevant background as follows.

A jury convicted [Appellant] of two counts of robbery and related offenses, and [the trial court] imposed an aggregate sentence of 7 to 14 years in prison on January 2, 2018.  [Appellant] appealed and the Superior Court affirmed the judgment of sentence. ***Commonwealth v. Jeffcoat-Parker***, 615 EDA 2018 (Pa. Super.

July 17, 2019). Our Supreme Court denied allowance of appeal on December 23, 2019, *Commonwealth v. Jeffcoat-Parker*, 481 MAL 2019.

[Appellant] filed a counseled PCRA petition on March 29, 2021, asserting trial counsel ineffectiveness. The Commonwealth moved to dismiss the petition on the ground of untimeliness and [the PCRA court] gave [Appellant] notice of intent to dismiss. Appellant, through PCRA counsel, responded by claiming an exception to the PCRA's limitations period – PCRA counsel's alleged abandonment in not timely filing a request[ed] PCRA petition – and seeking leave to amend to add an additional claim of trial counsel ineffectiveness. [The PCRA court] granted leave to amend and [Appellant] filed an amended petition. The Commonwealth again moved to dismiss, reiterating the untimeliness of the petition. [The PCRA court] gave [Appellant] notice of intent to dismiss, to which [Appellant] again responded that his petition was untimely due to counsel's abandonment. [The PCRA court] dismissed the petition, as amended, on September 14, 2022, on the basis of untimeliness. [This appeal followed.]

PCRA Court Opinion, 11/14/22, at 1-2 (footnote omitted).

The PCRA court dismissed Appellant's amended petition as untimely, reasoning:

[Appellant] invoked the newly discovered fact exception codified at 42 Pa. C.S.A. § 9545(b)(l)(ii), which permits consideration of an otherwise time-barred petition where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." . . . The new fact [Appellant] relies upon is PCRA counsel's alleged abandonment in not filing a timely requested petition. The exception is not available to [Appellant] under the circumstances because PCRA counsel cannot assert his own ineffectiveness.

*Id.* at 3.

Appellant filed a timely appeal from the order of dismissal, and the PCRA court filed a Pa.R.A.P. 1925 opinion without directing Appellant to file a statement of matters complained of on appeal.

Appellant raises a single issue in this appeal. "Did the [PCRA] court err by dismissing the Appellant's petition without an evidentiary hearing as there was a material issue of fact as to whether or not [Appellant's] PCRA counsel abandoned him for the purposes of timeliness exception under 42 Pa. C.S. § 9545(b)(1)(ii)?" Appellant's Brief at 2.

When reviewing the propriety of an order pertaining to PCRA relief,

we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness exists. 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). One such exception

is when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).

Our Supreme Court has held that counsel's negligence *per se* in filing an untimely PCRA petition constitutes adequate grounds to permit the filing of a new PCRA petition under the newly discovered facts exception in Section 9545(b)(1)(ii). *Commonwealth v. Peterson*, 192 A.3d 1123, 1125 (Pa. 2018). In *Peterson*, counsel (Attorney I) filed a PCRA petition one day too late under the PCRA's timeliness requirements. The PCRA court denied the petition, and this Court quashed the petitioner's appeal due to the petition's untimely filing. Through new counsel (Attorney II), the petitioner filed a second petition seeking reinstatement of his PCRA appellate rights *nunc pro tunc* to challenge the PCRA court's order dismissing his first petition based upon Attorney I's ineffectiveness in filing his first PCRA petition late. The PCRA court held that the second petition was timely but denied relief on the merits. This Court reversed, holding that the second petition was untimely. The

Supreme Court reversed, ruling that Attorney I's untimely filing of the first PCRA petition constituted ineffectiveness *per se*, "as it completely deprived [the petitioner] of any consideration of his collateral claims under the PCRA." *Id.* at 1130. Attorney I's ineffectiveness *per se* in connection with the first PCRA petition was a newly discovered "fact" under Section 9545(b)(2)[(ii)], as the PCRA court had made factual findings that the petitioner did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence. *Id.* at 1130-31. Given these factual findings, and because Attorney I's untimely filing of the first PCRA petition constituted ineffectiveness *per se* by completely foreclosing the petitioner from obtaining any collateral review, the Court concluded that the petitioner was entitled to invoke Section 9545(b)(1)(ii) to permit the filing of his second PCRA petition beyond the one-year time bar. *Id.* at 1132.

Here, as in **Peterson**, the amended petition, accepted as true, establishes that (1) the Pennsylvania Supreme Court denied Appellant's petition for allowance of direct appeal on December 23, 2019; (2) the one-year limitation period began running on March 23, 2020, Appellant's deadline for filing a petition for writ of certiorari in the United States Supreme Court; (3) Appellant requested PCRA counsel to file a PCRA petition; (4) the limitation period for filing a PCRA petition expired on March 23, 2021; and (5) counsel did not file the original PCRA petition until March 29, 2021, six days after expiration of the limitation period. These facts, if proven, establish that PCRA

counsel was ineffective *per se* by failing to file the requested PCRA petition within the limitation period, thus completely foreclosing Appellant from obtaining any collateral review and entitling him to invoke Section 9545(b)(1)(ii) to permit the filing of his amended PCRA petition beyond the one-year time bar.

The PCRA court dismissed the amended PCRA petition on the ground that Appellant's counsel alleged therein that he himself was ineffective for failing to file a timely original petition. Counsel, the PCRA court said, could not assert his own ineffectiveness. PCRA Court Opinion, 11/14/22, at 3. We disagree that dismissal was the appropriate remedy. When counsel raises his own ineffectiveness, the proper remedy is for the court to appoint new counsel unless counsel's self-accusation is clearly meritorious or clearly meritless. *Commonwealth v. Bond*, 819 A.2d 33, 39 n.2 (Pa. 2002).[1] Here, counsel's self-accusation obviously is not clearly meritless. Nor is it clearly meritorious, because an evidentiary hearing is necessary to establish (1) whether and when Appellant requested counsel to file the original PCRA petition, (2)

---

[1] *See also Commonwealth v. Betts*, 240 A.3d 616 (Pa. 2020):

> Where [the right to counsel to assist in prosecuting a first PCRA petition] has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

*Id.* at 624.

- 6 -

whether Appellant was unaware of the status of his original PCRA petition, and (3) whether Appellant could not have discovered counsel's failure to file timely petition earlier through exercise of due diligence. Under these circumstances, it was necessary for the court to appoint new counsel to represent Appellant in these PCRA proceedings and to conduct an evidentiary hearing on Appellant's claim of ineffectiveness. The PCRA court erred by failing to take these steps.

Accordingly, we vacate the order of the PCRA court and remand to the court for the appointment of new counsel, or to allow Appellant to seek and retain new private counsel, within 45 days of this memorandum. We further direct the PCRA court to hold an evidentiary hearing on the ineffectiveness claim, as asserted in Appellant's amended PCRA petition.

Order vacated. Remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/27/2023*