**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                   :           PENNSYLVANIA
                   :
       v.                   :
                   :
                   :
JAMES R. FAIRCHILD           :
                   :
       Appellant         :      No. 2018 EDA 2024

Appeal from the PCRA Order Entered July 1, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001632-2021

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:            **FILED DECEMBER 19, 2024**

James R. Fairchild (Appellant) appeals, *pro se*, from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we reverse and remand for the appointment of counsel and further proceedings.

The factual history underlying Appellant's convictions is immaterial to our disposition. A prior panel of this Court summarized the relevant procedural history:

> On June 28, 2022, a jury convicted Appellant of [burglary[1] and related offenses]. On October 18, 2022, the trial court sentenced Appellant to an aggregate sentence of 66 to 180 months of incarceration. Appellant was represented by privately retained counsel[, Michael Ventrelli, Esquire (trial counsel),] from the inception of the case through sentencing. After imposition of sentence, Appellant requested he be permitted to represent

---

[1] 18 Pa.C.S.A. § 3502(a)(2).

himself *pro se*. Following a colloquy pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), the trial court entered an order on October 20, 2022, which allowed counsel to withdraw, found Appellant knowingly, voluntarily, and intelligently waived his right to counsel, and permitted Appellant to represent himself *pro se*.

***Commonwealth v. Fairchild***, 309 A.3d 1085, 777 EDA 2023 (Pa. Super. 2023) (unpublished memorandum at 2-3) (footnote added).

We affirmed Appellant's judgment of sentence on November 30, 2023. ***Id.*** (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 16, 2024, Appellant, *pro se*, filed the instant PCRA petition, his first. Therein, Appellant alleged trial counsel rendered ineffective assistance before and during trial. ***See generally*** PCRA Petition, 1/16/24, at 1-5. Significantly, the PCRA court did not appoint counsel to represent Appellant in his PCRA proceedings.[2]

On March 7, 2024, the matter proceeded to an evidentiary hearing. At the conclusion of the hearing, the PCRA court ordered the parties to brief the issues. Both Appellant and the Commonwealth complied. On July 1, 2024,

---

[2] Pertinently, the PCRA court acknowledged Appellant's right to counsel at his PCRA hearing, noting Appellant was "representing himself by choice, after being colloquied by the court." N.T., 3/7/24, at 3. There is no record evidence indicating that the PCRA court conducted a ***Grazier*** hearing after the initiation of PCRA proceedings. ***See*** PCRA Court Opinion, 7/1/24, Appx A at 2 (the PCRA court referencing Appellant's waiver colloquy, and citing only the October 20, 2022, order of court permitting Appellant to proceed *pro se*, which was issued immediately following Appellant's sentencing hearing).

the PCRA court denied Appellant's PCRA petition. Appellant timely appealed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Did [trial counsel] provide ineffective assistance of counsel?

2. Did the [PCRA] court err[] in denying Appellant's PCRA?

Appellant's Brief at 1 (some capitalization modified).

Before reaching the merits of Appellant's claims, we must determine whether Appellant effectively waived his right to counsel. ***See*** ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011) ("[W]here an indigent,[3] first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." (footnote added)).

The PCRA mandates the appointment of counsel to represent indigent first-time PCRA petitioners. ***See*** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."); ***see also Commonwealth v. Betts***, 240 A.3d 616, 621

---

[3] Instantly, the PCRA court granted Appellant's request to proceed *in forma pauperis* on December 1, 2022. We further observe that Appellant is incarcerated in the state correctional institution at Mahanoy.

(Pa. Super. 2020) ("As this is [a]ppellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence." (citation omitted)).

Although a defendant may waive his right to counsel in his first PCRA proceedings, that waiver must be accompanied by a colloquy ensuring the defendant is aware of all rights he foregoes by proceeding *pro se*. **See Commonwealth v. Robinson**, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) ("Regardless of how unambiguous a defendant's [desire to proceed unrepresented] may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training.").

To ensure a valid waiver, the PCRA court must inquire into the following areas:  1) "that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;" 2) "that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;" 3) "that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [during PCRA proceedings], they may be lost permanently;" and 4) "that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors

occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently." **Id.** at 459 (quoting Pa.R.Crim.P. 121(A)(2)(a), (d)-(f)).

Here, the PCRA court opined that Appellant waived his right to counsel, and represented himself during post-sentence motion litigation through direct appeal. **See** PCRA Court Opinion, 7/1/24, Appx A at 2. As stated above, our review confirms the PCRA court did not appoint counsel to represent Appellant in his PCRA proceedings. Further, the record contains no indication that the PCRA court conducted a separate colloquy to ensure that Appellant understood the ramifications of self-representation in his PCRA proceedings.[4] Under these circumstances, we are constrained to reverse the PCRA court's order denying relief, and remand for either the appointment of counsel, or a hearing to determine whether Appellant's waiver of counsel is voluntary, knowing, and intelligent. In the event Appellant wishes to proceed *pro se*, and the evidentiary record is complete, the PCRA court may enter a final order disposing of Appellant's PCRA petition.

---

[4] That Appellant properly waived his right to counsel on direct appeal does not relieve the PCRA court of its obligation to conduct a separate waiver colloquy upon initiation of PCRA proceedings. **See Commonwealth v. Williams**, 293 A.3d 632 (Pa. Super. 2023) (unpublished memorandum at 7 n.4) (after counsel was appointed for appellant's first PCRA, appellant's request to proceed *pro se* required a hearing to ensure valid waiver of counsel; stating, "It is of no moment that [a]ppellant knowingly, voluntarily, and intelligently waived his right to counsel at trial."); **see also** Pa.R.A.P. 126(b) (unpublished memoranda filed after May 1, 2019, may be cited for their persuasive value).

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024