J-S45041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                  :            PENNSYLVANIA
                  :

        v.              :
                  :

MAURICE LEROY CHAMBERS, SR.   :
                  :

      Appellant      :    No. 1961 EDA 2022

Appeal from the PCRA Order Entered June 27, 2022
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-CR-0004073-2017

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:           **FILED MARCH 02, 2023**

Maurice Leroy Chambers, Sr. (Appellant), appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. As the record reveals multiple procedural missteps by Appellant's counsel and the PCRA court, we vacate and remand for further proceedings.

On May 24, 2018, Appellant entered a negotiated guilty plea to robbery and possessing an instrument of crime. The trial court sentenced Appellant to an aggregate 11½ - 23 years in prison, followed by five years of probation. Appellant did not file a post-sentence motion or direct appeal.

> Thereafter,
>
> [Appellant] filed a [] PCRA Petition which resulted in the restoration of his direct appeal rights. [Appellant] exercise[d] his restored direct appeal rights, but his direct appeal resulted in the affirmance of his Judgment of Sentence. [***Commonwealth v.***

> ***Chambers***, 240 A.3d 941 (Pa. Super. 2020) (unpublished memorandum).] The present PCRA Petition is [Appellant's] first PCRA Petition post-restoration of his direct appeal rights. Because it is the first PCRA Petition post-restoration and resolution of his direct appeal, it is proper to treat it as a first PCRA Petition notwithstanding that a prior PCRA Petition had been filed prior to the restoration of [Appellant's] direct appeal rights. ***See Commonwealth v. Turner***, 73 A.3d 1283 (Pa. Super. 2013), ***appeal denied***, 91 A.3d 162 (Pa. 2014).

PCRA Court Opinion, 9/23/22, at 1 n.2.

The PCRA court appointed Ryan R. Grace, Esquire, to represent Appellant, and directed the court administrator "to immediately notify" Attorney Grace of the appointment. Order, 11/19/21. The PCRA court has provided a detailed account of the events that followed:

> On January 21, 2022, [Attorney Grace] filed a "Petition for Extension of Time to File Application for Post-Conviction Relief." [Attorney Grace] sought a deadline of February 18, 2022 for the filing of either an Amended PCRA Petition or a Petition for Leave to Withdraw. On February 18, 2022, we issued an Order granting [Attorney Grace's] Petition.

> On February 22, 2022, [Attorney Grace] filed a second "Petition for Extension of Time to File Application for Post-Conviction Relief." On February 23, 2022, we issued a[n] Order granting [Attorney Grace's] Petition and giving him a deadline of March 18, 2022 for filing [Appellant's] Amended PCRA Petition or a Petition for Leave to Withdraw.

> On February 28, 2022, we issued an Order amending our February 17, 2022 Order by adding to the caption the docket numbers 15-CR-0004267-2017, 15-CR-0003926-2017, and 15-CR-0004428-2017, which had been inadvertently omitted from our February 17, 2022 Order. Also on February 28, 2022, we issued an Order amending our February 23, 2022 Order to correct a typographical error.

> **On or about March 3, 2022, Attorney Grace left the Chester County court-appointed counsel list. On March 3, 2022**

**Attorney Ryan L. Hyde, Esquire[,] was appointed in his stead to represent [Appellant] in connection with his PCRA Petition**. **[Attorney Hyde has continued to represent Appellant on appeal]**. **Attorney Hyde did not file an Amended PCRA Petition or a Petition for Leave to Withdraw by the March 18, 2022 deadline**. When contacted by the court, Attorney Hyde advised that he was unaware of this deadline. Court staff advised Attorney Hyde, giv[en] his then-recent appointment, to file a motion for an extension of time in which to meet his court-appointed counsel obligations. Despite additional efforts of court staff to remind Attorney Hyde of the need for a motion to extend his filing deadline, including a chance in-person discussion, no such motion was filed nor was an Amended PCRA Petition or Petition for Leave to Withdraw filed either.

**On June 27, 2022, not having heard nor received any filings from Attorney Hyde**, **th[e PCRA] court dismissed [Appellant's] PCRA Petition**. [The PCRA court did not issue notice of its intent to dismiss the petition as required by Pa.R.Crim.P. 907.] [The PCRA court] did not terminate Attorney Hyde's representation of [Appellant]. Attorney Hyde did not seek reconsideration of th[e June 27, 2022] Order.

On July 13, 2022, we received a letter from [Appellant] asking why he had not been contacted by Attorney Grace, [despite Attorney Hyde being appointed to replace Attorney Grace three months prior,] and inquiring about the status of his PCRA Petition. On July 13, 2022, we responded to [Appellant's] letter, telling him that Attorney Grace had left the conflict counsel list and that Attorney Hyde was now his legal representative. We provided [Appellant] with a copy of the Order appointing Attorney Hyde. We also advised [Appellant] that his PCRA Petition had been dismissed. We provided [Appellant] with a copy of the June 27, 2022 Order dismissing his PCRA Petition, although we noted that the dockets reflected that he had been served with a copy of this Order on June 28, 2022.

On July 25, 2022, [Appellant] filed a *pro se* document entitled "Appeal," wherein he expressed his desire to appeal our June 27, 2022 Order dismissing his PCRA Petition. On July 28, 2022, we issued an Order directing Attorney Hyde to file within twenty one (21) days a Concise Statement of the Errors Complained of on Appeal.

> On August 9, 2022, [Appellant] filed a letter to the court seeking a reduction in his sentence at docket number 15-CR-0004073-2017. We forwarded a copy of this letter to counsel.
>
> On August 17, 2022, Attorney Hyde filed [Appellant's] Concise Statement. In his Concise Statement, [Appellant] asserts that the [PCRA court] erred by dismissing [Appellant's] PCRA Petition without an evidentiary hearing due to counsel's failure to respond. Having reviewed the record in light of the relevant law, **we are inclined to agree**.

*Id.* at 4-6 (emphasis added).

> In Appellant's brief submitted by Attorney Hyde, Appellant asserts:
>
> 1. The PCRA court erred when it denied [A]ppellant an evidentiary hearing and post-conviction relief on his claim for PCRA counsel's failure to respond and without notice to Appellant.

Appellant's Brief at 6.

Appellant correctly states that the PCRA court failed to provide proper notice of its intent to dismiss his petition in violation of Pa.R.Crim.P. 907 (stating if the PCRA court is satisfied "there are no genuine issues … and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, **the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal**.") (emphasis added). Appellant's Brief at 13-17; Pa.R.Crim.P. 907(1).

> In addition,
>
> Counsel for Appellant admits that his failure to respond to the PCRA court in a timely fashion, is certainly a significant, if not the primary reason this matter is before this Court.

If the dismissal stands it would essentially deny Appellant the right to have his claims heard in a meaningful way. Counsel's behavior may not constitute abandonment, but in this instance, it has denied Appellant the right to Due Process which [] Pennsylvania Rule of Criminal Procedure 907(1) seeks to provide.

*Id.* at 15, 17.[1]

Similarly, the PCRA court concludes that its order dismissing Appellant's PCRA petition, "does not survive the threshold for appellate approval." PCRA Court Opinion, 9/23/22, at 7. We agree.

We first observe that an attorney — in this case Attorney Hyde — cannot raise his own ineffectiveness. *See Commonwealth v. Betts*, 240 A.3d 616, 623 (Pa. Super. 2020). Furthermore, the PCRA court concedes, "We did not provide Appellant with the requisite [Rule 907] notice. Nor did we call counsel into court to account for his failure to act on [Appellant's] behalf and to determine whether it was appropriate to appoint new counsel." PCRA Court Opinion, 9/23/22, at 6. The PCRA court states:

In fundamental fairness to [Appellant], in retrospect we would agree that our decision to dismiss his PCRA without a hearing and in the absence of the requisite twenty-day notice was hasty and inappropriate.

*Id.* Thus, the PCRA court requests that this case be remanded for further proceedings. *Id.* at 7.

---

[1] Appellant's "Statement of the Case" appears to be copied or written from the PCRA court, or from the perspective of the PCRA court, as it contains phrases stating, *inter alia*: "we issued an Order," "we granted PCRA counsel's Petition," "this court issued," "we treated this petition as Appellant's first [under the PCRA] and appointed [counsel.]" *See* Appellant's Brief at 9-12.

- 5 -

The Commonwealth does not dispute the procedural history, but disagrees with remand. The Commonwealth argues the PCRA court properly dismissed Appellant's petition because the "issues in [Appellant's] PCRA Petition are without merit, and … have been previously litigated … or waived by counsel's failure to include them in his concise statement." Commonwealth Brief at 6. Based on Appellant's "claims being previously litigated and the waiver of the issues argued in his brief," the Commonwealth requests this Court affirm the dismissal of Appellant's PCRA petition. *Id.* at 15. This argument is flawed. *See Commonwealth v. Willis*, 29 A.3d 393, 400 (Pa. Super. 2011) (remanding for appointment of new PCRA counsel where both PCRA court and counsel were "responsible" for the effective denial of PCRA petitioner's right to counsel).

A PCRA court's compliance with Rule 907 is **mandatory**. *See Commonwealth v. Feighery*, 661 A.2d 437, 439 (Pa. Super. 1995) (remanding for "fulfillment of the notice requirements" of the predecessor rule to Rule 907, and stating, "It is, of course, clear that the notice requirement of the intention to dismiss, is mandatory").

Also, as to representation, when an indigent, first-time PCRA petition is denied the right to counsel, this Court "**is required** to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) (emphasis added). Pertinently, "the right to counsel conferred on initial PCRA

review means 'an enforceable right' to the **effective assistance** of counsel." **See Commonwealth v. Holmes**, 79 A.3d 562, 583 (Pa. 2013) (emphasis added) (quoting **Commonwealth v. Albrecht**, 720 A.2d 693, 699-700 (Pa. 1998)).  The Pennsylvania Supreme Court has stated:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition.  Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition.  The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

**Commonwealth v. Kenney**, 732 A.2d 1161, 1164 (Pa. 1999); **see also Commonwealth v. Cox**, 204 A.3d 371, 390 (Pa. 2019) (affirming **Kenney** for the proposition that "remand for appointment of counsel is an appropriate remedy when the right to appointment [of] counsel has been effectively denied").

Finally, it bears repeating that the PCRA "is the General Assembly's chosen framework for collateral judicial review of convictions, and that statute is the sole means for seeking and achieving post-conviction relief." **Commonwealth v. Koehler**, 229 A.3d 915, 937 (Pa. 2020) (citations omitted).  An appellate court "is not equipped to receive evidence, assess that evidence, or make credibility determinations." **Id.**

For the above reasons, we vacate the order dismissing Appellant's PCRA petition, and remand for further proceedings.  On remand, the PCRA court shall appoint substitute counsel to represent Appellant in place of Attorney

Hyde. **Betts, supra**; Pa.R.Crim.P. 904(E) (providing for appointment of counsel "whenever the interests of justice require it"). The PCRA court shall afford Appellant's newly-appointed counsel reasonable opportunity to review the record, confer with Appellant, and file pleadings which counsel deems appropriate.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/2/2023*