J-S47012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN L. VALERIO | : | |
| | : | |
| Appellant | : | No. 128 EDA 2023 |

Appeal from the PCRA Order Entered April 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0005768-2017

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 14, 2024**

Appellant, Juan L. Valerio, appeals from the April 28, 2022 order of the Court of Common Pleas of Philadelphia County dismissing his first PCRA petition.  We remand for further proceedings for the reasons discussed below.

On August 20, 2018, Appellant pled guilty to third-degree murder and possession of an instrument of a crime.[1]  The plea stems from a domestic incident on April 23, 2017.  N.T. Plea, 8/20/18, at 15.  Appellant and the victim, Appellant's paramour, and mother of his children, got into a fight and Appellant struck the victim with a fourteen-and-a-half-inch long metal pipe with a hammerlike head.  **Id.** at 17.  The victim suffered multiple blunt-force

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant was assisted by a court interpreter as his first language is Spanish.  N.T. Plea, 8/20/18, at 4.

impacts to the head, and the autopsy revealed defensive wounds. *Id.* at 17-18. Appellant was sentenced to an aggregate term of twenty to forty years of imprisonment. *Id.* at 37.

Appellant filed a timely PCRA petition on September 3, 2019. Counsel was appointed, and an amended PCRA petition was filed on November 8, 2020. On June 4, 2021, the PCRA court filed its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(a) and stated that Appellant's PCRA petition was without merit. Appellant responded to the notice and raised claims of ineffective assistance of PCRA counsel, requested leave to amend his petition and appointment of new counsel. *See* Petitioner's *Pro Se* Response to Rule 907, filed June 9, 2021. Thereafter, PCRA counsel filed a letter response in which he addressed the claims of ineffectiveness against himself, and asserted they were without merit. *See* Letter in Brief, filed July 24, 2021. The Commonwealth also filed a letter response and stated that Appellant was entitled to new counsel pursuant to *Commonwealth v. Betts*, 240 A.3d 616 (Pa. Super. 2020) (a PCRA petitioner is entitled to appointment of substitute counsel where the petitioner raises claims of ineffectiveness of PCRA counsel). *See* Letter in Brief, filed November 11, 2021. It further advised the PCRA court that substitute counsel should be appointed to: (1) review Appellant's claims of PCRA counsel's ineffectiveness; (2) file supplemental briefing limited to the discussion of the merits of the claims of ineffective assistance of appellate counsel; and (3) continue to represent Appellant. *Id.*

To comply with **Betts**, the PCRA court appointed substitute counsel for Appellant.[2]  **See** Short Certificate, filed November 12, 2021.  Thereafter, substitute counsel filed a "Brief in Support of Effectiveness Claim of Attorney Gary Server; Esquire," wherein he stated the sole purpose of his appointment was to determine the effectiveness of initial PCRA counsel.  In his brief, substitute counsel analyzed each claim of initial PCRA counsel ineffectiveness.[3] **See** Brief in Support, filed March 30, 2022.  In doing so, substitute counsel had several discussions with trial counsel (and possibly initial PCRA counsel) and relied upon those statements in concluding Appellant's claims were without merit.[4]  **Id.**  The Commonwealth filed a letter brief, and agreed with substitute counsel's analysis that the claims of initial PCRA counsel's ineffectiveness are without merit.  **See** Letter Brief, filed April 27, 2022.  The PCRA court summarily dismissed Appellant's PCRA petition the next day.

_____

[2] The order also states that the case was listed for a status update on December 17, 2021.  However, there is no transcript of what occurred during the status update.

[3] The brief did not address the *pro se* claims in Appellant's initial PCRA petition.

[4] "Counsel has reviewed the plea colloquy, the signed plea form, the Amended Petition and Response to the 907 Notice by Mr. Server, the 907 Response by [Appellant] as well as the applicable law under Strickland and Betts, **as well as speaking to trial counsel Ms. Hurley**.  Based upon all the foregoing, said counsel concludes attorney Gary Server, Esquire, was not ineffective in his PCRA representation of [Appellant]."  Brief in Support, filed 3/30/22, at 8 (emphasis added).

Appellant filed a Notice of Appeal on December 21, 2022. In its 1925(a) opinion, the PCRA court stated that the appeal was untimely because more than thirty days elapsed between the order of dismissal in April 2022 and the filing of the notice of appeal in December 2022. As a result, the court did not address the issues raised in Appellant's PCRA petition.

We hold that this appeal is timely. In a recent decision, we found an appeal timely where the trial court's docket entries did not include information required by Pennsylvania Rule of Criminal Procedure 114. ***Commonwealth v. Midgley***, 289 A.3d 1111 (Pa. Super. 2023). The relevant portions of Rule 114 state:

> (B)  Service
>
> (1) A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.
>
> (2) The clerk of courts shall serve the order or court notice …
>
> * * * *
>
> (C)  Docket Entries
>
> (1) Docket entries promptly shall be made.
>
> (2) The docket entries shall contain:
>
>> (a)  the date of receipt in the clerk's office of the order or court notice
>>
>> (b) the date appearing on the order or court notice; and
>>
>> (c) **the date of service of the order or court notice.**

Pa.R.Crim.P. 114 (emphasis added). Here, the docket entry for the April 28, 2022 order dismissing Appellant's first PCRA petition is devoid of any information regarding service. Therefore, in accordance with **Midgley**, "we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." **Midgley**, 289 A.3d at 1117.

There are several deficiencies in this appeal that require remand to the PCRA court for further proceedings. First, substitute PCRA counsel filed a brief contending that prior counsel was not ineffective and that Appellant is not entitled to PCRA relief. Counsel failed, however, to file a **Turner/Finley**[5] motion seeking leave to withdraw from PCRA representation or serve this motion upon Appellant in compliance with pertinent procedural requisites. Second, the PCRA court failed to state its reasons for disposing of Appellant's PCRA petition without a hearing, thus failing to comply with Pa.R.Crim.P. 907(1). The court's Rule 907 notice merely stated: "The issues raised in the Post-Conviction Relief Act Petition are without merit." Dismissal Notice, filed June 4, 2021. Third, Rule of Appellate Procedure 1925(a) provides that:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall … **file of record at least a brief opinion of the reasons for the order,** or for the rulings or other errors complained of, **or shall specify in writing the place in the record where such reasons may be found**.

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988).

Pa.R.A.P. 1925(a) (emphasis added). The PCRA court's Rule 1925(a) opinion does not discuss Appellant's underlying PCRA claims. Rather, it states that Appellant's notice of appeal was facially untimely, a ruling that we now hold as incorrect.

Due to these deficiencies, we conclude Appellant is entitled to remand for further proceedings, including (1) the filing of a **Turner/Finley** motion by present PCRA counsel, (2) Appellant's response to the **Turner/Finley** motion, (3) appointment of new counsel (if necessary), (4) submission of a statement of matters complained of on appeal, and (5) preparation of a Pa.R.A.P. 1925(a) opinion on all issues, including the alleged ineffectiveness of PCRA counsel. **See Commonwealth v. DeJesus**, 868 A.2d 379, 383 (Pa. 2005) (trial court's failure to discuss properly preserved issues in its opinion required remand for preparation of an adequate opinion).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024